No. 21752.

DOLLIE F. HENDERSON *v*. BRUCE A. HENDERSON.
(431 P.2d 1022)

Decided October 2, 1967.

NICHOLAS MAGILL, for plaintiff in error.

ROBERT H. GLEASON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

BRUCE HENDERSON brought an action in divorce against his wife, Dollie, who by way of counterclaim sought in turn a divorce from Bruce. Each party asked for the custody of their three children, and each prayed for a division of the property accumulated by them during their marriage.

Upon trial, each of the parties to this marriage was determined to have been guilty of extreme and re-

peated acts of mental cruelty, and a decree in divorce was granted both parties. As concerns the custody of the three minor children, Bruce was given their care, custody and control. And as concerns alimony, Bruce was ordered to pay Dollie the sum of $75 per month.

Insofar as the division of property was concerned, the trial court held a hearing in connection therewith, but then specifically declined to make any division thereof and continued indefinitely that particular phase of the proceeding. In this connection a slight bit of detail is in order.

Bruce and his mother were engaged as partners in the operation of farming and ranching property. Bruce was heavily in debt, and the ranch property itself was mortgaged to the hilt. The trial court specifically recognized, however, that Dollie from her own private resources had contributed substantial sums of money which had been poured into the farm and ranching operation of Bruce and his mother. It was in this factual setting that the trial court opined that any division of the property at the time of the hearing might well "precipitate foreclosure and liquidation." Accordingly, the trial court decreed that for the time being at least it would make no division of the property, and would retain jurisdiction for the purpose of some day entering an order dividing the property of the parties.

By writ of error Dollie now seeks reversal of that portion of the judgment entered by the trial court which awarded her $75 per month as alimony, as well as that portion of the judgment wherein the trial court refused to divide the property of the parties to the divorce proceeding.

We perceive no error as concerns that part of the judgment which awarded Dollie $75 per month as alimony. Action of a trial court fixing alimony or support money is not to be upset by us on review unless there has been a clear abuse of discretion. *Engleman v. Engleman,* 145 Colo. 299, 358 P.2d 864. Our review of the

4

record has convinced us that in the instant case there has been no such abuse of discretion, and that the order of the trial court concerning alimony should be affirmed.

 . However, in our view the trial court erred in its refusal to divide the property, whatever it may have been, which had been accumulated by the parties during their fourteen year marriage. In this connection C.R.S. 1963, 46-1-5(2) provides, in part, as follows:

*"At the time of the issuance of a divorce decree, or at some reasonable time thereafter as may be set by the court at the time of the issuance of said divorce decree,* on application of either party the court may make such orders, if any, as the circumstances of the case may warrant relative to division of property, in such proportions as may be fair and equitable."* (Emphasis added).

Quite clearly the aforementioned statute requires that an order dividing the property of the parties to a divorce proceeding be made either at the time the divorce decree is issued, or within such "reasonable time thereafter as may be set by the court at the time of the issuance of said divorce decree." In the instant case the trial court did not follow this statutory command. To the contrary, the trial court continued the matter indefinitely, and this it should not have done. The fact that the motives actuating the trial court were no doubt well-intentioned and altruistic in nature does not in anywise alter the outcome. Insofar as a division of property as incident to a divorce proceeding is concerned, the statute with which we are concerned simply precludes any delaying order of the type here entered by the trial court.

The judgment of the trial court, then, insofar as it relates to alimony is affirmed. However, the judgment of the trial court declining to divide the properties of the parties is reversed and in this regard only the matter is remanded with direction that the trial court proceed to hold a hearing concerning the division of property and enter such order relative thereto as will be fair and equitable.

Mr. Chief Justice Moore, Mr. Justice Hodges and Mr. Justice Kelley concur.