491 P.2d 1401 (1971)
Margaret A. LARRICK, Plaintiff-Appellee,
v.
Newton P. LARRICK, Defendant-Appellant.
No. 70-587.
Colorado Court of Appeals, Div. I.
December 21, 1971.
George J. Duckworth, Denver, for plaintiff-appellee.
Gordon, Lefferdink & Legg, John J. Lefferdink, Robert G. Rogers, Lamar, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
Margaret A. Larrick brought this action to obtain a decree of divorce from her husband, Newton P. Larrick. The court granted her a divorce and the custody of the children. Thereafter, the court entered its orders relative to permanent alimony and division of property.
The husband has appealed and contends that the court, in entering its order for division of property, exceeded its jurisdiction and abused its discretion.
*1402 The parties were married in 1951. Three sons were born to the marriage; one in 1953, another in 1955, and the third in 1959. In 1965, the husband was adjudicated a mental incompetent. He was hospitalized for about five years and was restored to reason March 10, 1970. The divorce case was filed after the husband's restoration.
The property, which was the subject of division of the court, consisted of both real and personal property. The principal asset was a 2,200 acre farm and ranch appraised at $226,000. In addition, there was a family residence appraised at $19,800, a commercial building appraised at $21,750, and a cabin appraised at $3,500. The personal property consisted of cattle, machinery, vehicles, and other miscellaneous items. The ranch was encumbered with a mortgage of $120,000, and there was other substantial indebtedness incurred as a result of the unprofitable management of the farm by a conservator during the time the husband was hospitalized.
In its orders of September 3, 1970, the trial court awarded custody of the minor children to the wife and visitation rights to the husband. The family home in Lamar was ordered sold and the proceeds used to pay existing obligations and provide working capital for the farm. The parties were each awarded an undivided one-half interest in the real and personal property subject to the indebtedness of both parties. The court further ordered that possession of the farm and ranch be given to the wife; that the wife and children would reside on the farm; and that the wife would manage and operate the ranch. She was ordered to make an accounting to the court of the operation of the ranch. The wife was authorized to pay herself $450 per month for her support and $75 per month for the support of each of the children. She was also ordered to pay to her former husband $450 per month. The court subsequently entered orders concerning the management and leasing of the farm.
It is the general rule that matters of division of property and alimony are within the discretion of the trial court, and its decision on such matters will not be disturbed on review except for abuse of discretion. Liggett v. Liggett, 152 Colo. 110, 380 P.2d 673; Traynor v. Traynor, 146 Colo. 70, 360 P.2d 341; Granato v. Granato, 130 Colo. 439, 277 P.2d 236. Under the facts disclosed by this record, the court's order awarding each of the parties an undivided one-half interest in all of the assets was proper and clearly within the court's discretionary powers.
The court, having determined that each of the parties was entitled to one-half of the net assets, should have entered orders which would have effectively accomplished this division in an orderly fashion. In Henderson v. Henderson, 164 Colo. 1, 431 P.2d 1022, the husband was engaged in the operation of farming and ranching property which was heavily mortgaged. The trial court was of the opinion that any division of property at the time of the hearing might precipitate foreclosure and, accordingly, decreed that it would make no division of the property but would retain jurisdiction for the purpose of dividing the property at a later time. The Supreme Court, in reversing, stated:
"Quite clearly the aforementioned statute [C.R.S. 1963, 46-1-5(2)] requires that an order dividing the property of the parties to a divorce proceeding be made either at the time the divorce decree is issued, or within such `reasonable time thereafter as may be set by the court at the time of the issuance of said divorce decree.'"
The order entered by the trial court in the instant case is subject to the same defect or irregularity as the order entered in Henderson. The effect of the court's order is to deprive the husband of all use, benefit, and enjoyment of that portion of the property which the court has determined should be awarded to him. It may be that it is in the best interest of the parties *1403 that the court continue to supervise the affairs and property of the parties, but the statute authorizing the court to divide property in divorce proceedings (C.R.S. 1963, 46-1-5(2)) does not contemplate or authorize the court to exercise such supervisory powers over the management of the property subject to division.
Accordingly, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.
SILVERSTEIN, C. J., and COYTE, J., concur.