507 P.2d 473 (1973)
Chester B. JEKOT, Plaintiff-Appellee,
v.
Helen Grace JEKOT, Defendant-Appellant.
No. 72-140.
Colorado Court of Appeals, Div. II.
March 6, 1973.
*474 Robert Bugdanowitz, Denver, for plaintiff-appellee.
George J. Duckworth, Denver, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
On April 9, 1970, the defendant was awarded a decree of divorce. At that time the court ordered that a written stipulation and agreement signed by the parties on that date be incorporated in the decree of divorce and made a part of the decree, thus making the provisions of the stipulation and agreement an order of the court. The parties were ordered specifically to comply with each and every term of the stipulation and agreement. The agreement expressly reserved property division until hearing and determination by the court at a later date.
The matter of the division of property came on for hearing July 29, 1970. As a result thereof the court entered a judgment of which certain parts are relevant to the present proceedings, as follows:
"The real property legally described as The W 1/2 of the SW 1/4, Section 24, Township 5 S., Range 69 W., Jefferson County, Colorado, except the W. 40 f. thereof, shall be physically partitioned so that each party receives an equal share. All costs of the proceeding shall be paid equally by the parties. The parties shall share equally the real property taxes and the principal and interest payments due by reason of the Promissory Note executed by them on June 14, 1968, payable to the Eagle County Development Corporation."
The record reflects that this provision of the court's order emanated from an oral agreement of the parties that the court should be requested to physically divide the property. In attempting to carry out its order and to comply with the desires of the parties as expressed orally in the record, the court appointed two appraisers to determine how the property could be physically divided in order that each party might receive a parcel of equal value.
Subsequent to receiving the appraisers' reports and after an extensive evidentiary hearing on the matter of partition, the trial court found that the property in question could not be physically divided in a manner so as to afford each party an equal share, nor could it be partitioned without substantially diminishing the value of each parcel. Based upon this finding, which was amply *475 supported by the evidence, the court concluded, in its order of December 2, 1971, that the property should be sold at public sale and that the proceeds less costs should be equally divided between the parties. The order provided that the parties would be permitted, prior to the sale, to submit sealed bids for the purchase of the property. Defendant objected to this order and filed a motion for new trial, which, after hearing, was denied by the court. Defendant appeals. We affirm the judgment.
It is defendant's contention on appeal that the trial court erred when it entered its order determining that partition of the property was impossible and ordering public sale of the property and equal division of the proceeds. Defendant argues that the action of the court altered the terms of a contract between the parties concerning division of property.
It has been established that a husband and wife may enter into contracts which settle their differences, and the trial court, while determining division of property accumulated during the marriage, cannot disregard such a contract where it is free from fraud, collusion, compulsion or unconscionability. Newey v. Newey, 161 Colo. 395, 421 P.2d 464 and 422 P.2d 641; Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440. In the present case, the parties agreed to request that the court partition the land, but the agreement did not go further. As the trial court noted in its findings of December 2, 1972:
"That based upon the stipulation, the comments of counsel and the parties at the time this was read into the record in Open Court, it was the Court's understanding, and the Court finds that it was also the parties' understanding, that the subject property would be partitioned equally if possible and that the costs of the proceedings would be equally shared,....
......
That the general provisions of the Colorado partition laws were to be followed....
These findings are amply supported by the evidence in the record.
A trial court has wide discretion in matters relating to alimony and property settlement. Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662. The public sale of the property was a proper exercise of the court's discretion and was not a modification of a previous agreement of the parties. The parties did agree to submit the partition issue to the court, rather than incur the expense of a formal statutory partition proceeding. The court, under its broad powers, could have declined to partition at that point, and, in the absence of a final agreement concerning the property, it could either have sold the property and divided the proceeds, or it could have declared that each party would henceforth be a tenant in common. Either course would have been a fair and equitable division of the property within the meaning of C.R.S.1963, 46-1-5(2). Walden v. Walden, 147 Colo. 221, 363 P.2d 168. The court, however, chose to honor the parties' request and attempted to effect physical partition of the property. When it became obvious that it was impossible to do so in an equitable manner, the court ordered the property sold. A similar result would have been obtained had the court decreed the property as owned by the parties as tenants in common and had the parties then brought a statutory proceeding to partition. C.R.S.1963, 103-1-7. The trial court did not violate the agreement of the parties, but instead went to great lengths to honor it. No abuse of discretion appears on the record.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.