571 P.2d 307 (1977)
In re the MARRIAGE OF Geraldine P. WEAVER, Appellee, and
Adrian F. Weaver, Appellant.
No. 76-444.
Colorado Court of Appeals, Div. II.
July 28, 1977.
As Modified On Denial of Rehearing September 1, 1977.
Certiorari Denied November 21, 1977.
*308 March, March & Myatt, Joseph T. Carroll, Jr., Fort Collins, for appellee.
Harden, Napheys, Schmidt, Hass & Bloom, P. C., Ralph B. Harden, Charles S. Bloom, Fort Collins, for appellant.
ENOCH, Judge.
Adrian F. Weaver appeals the property division and child support orders entered in connection with the dissolution of his marriage of 22 years to Geraldine P. Weaver. We affirm.
The parties owned and operated a large ranching operation in northern Colorado and southern Wyoming consisting of approximately 12,860 acres. The husband brought 2,100 of these acres into the marriage and acquired 750 acres as a gift during the marriage. The balance of the acreage, part of which was transferred into Weaver Ranches, Inc., a corporation formed by the parties in 1972, was purchased by the parties during the marriage. The corporation also owned all cattle and equipment used in the ranching operation. The husband held 75% of the stock of the corporation, the wife held 10% and each of their three children held 5%. The parties also purchased a city block in West Laramie, Wyoming.
The evidence as to the value of the land varied considerably. Much of the property was subject to substantial encumbrances, and there were few assets available that could be converted to cash for a property division.
The court set aside to the husband, as his separate property, the value at the time of the marriage of the 2,100 acres which he brought into the marriage, and the value at the time he received it of the gift of the 750 acres ($79,350 total), and then decreed that the husband be awarded 60% of the marital property and the wife be awarded 40%. The allocation between marital and nonmarital property and this percentage allocation is not being appealed.
The court made the following findings:
The evidence relating to market value of the properties does not establish such market value with sufficient certainty to enable the Court to equitably divide the property. The evidence does indicate that the value is highly speculative and the only reasonable way to establish market value is to sell the property. In addition, there is a pronounced lack of liquid assets which prevents the retention of any part of the marital property by either party in such a way as to allow the other party to receive their equitable division. Therefore, the Court specifically finds that there is no way to fairly divide the marital property other than to sell all the assets . . . and divide the net proceeds.
Consequently, the court ordered that all real property of the parties and the stock representing 85% of Weaver Ranches, Inc., held by the parties, be sold within one year of the decree. The court allowed the husband to continue to operate the ranch until the sale, and charged him with the responsibility of selling the assets, subject to court approval.

I.
The husband objects to this order requiring sale of all the property, claiming that a physical division or sale of less than all of the property would award the wife her equitable share.
The case of Jekot v. Jekot, 32 Colo.App. 118, 507 P.2d 473, is controlling. In Jekot, the parties both requested the trial court to effect a physical partition of a parcel jointly owned by them, so that they could receive *309 their equitable shares. However, after attempting to so divide the property, the court found it could not in fact make an equitable physical division and instead ordered the property sold at a public sale and the proceeds divided. We upheld this order as a proper exercise of the trial court's discretion in the division of property.
In the present case, the court had the power to order the sale of all of the property or to make the parties tenants in common, which would then give either party the right to seek formal partition of any or all of the property. See Jekot v. Jekot, supra. See also Larrick v. Larrick, 30 Colo. App. 327, 491 P.2d 1401. Since the court determined the percentage ownership each party had in the marital property, and also determined that it could not make an equitable physical division, we find no abuse of discretion in ordering the sale of all the property and division of the proceeds.
The husband claims that the court erred in refusing to find the current value of the marital property, and that, because of this failure, the court also erred in finding that it could only make an equitable division by ordering the sale of the property. We do not agree.
Generally, in making a division of property, the court must find the approximate current value of all property owned by the parties, as well as the value of separate property at the time of the marriage or at the time of acquisition, if after marriage. In re Marriage of Wildin, Colo. App., 563 P.2d 384. However, where the court determines the percentage ownership each party has in the marital property, and that percentage is not an issue on appeal, the failure to make such findings of current value is not necessarily erroneous.
If, as the husband contends, the failure to find a value for the marital property was the cause of the court's determination that it could not physically divide the property, then we agree that there could be reversible error. However, the findings of fact, conclusions of law, judgment and decree, when read as a whole, show that the court merely concluded that uncertainties as to any value it might assign to the properties would make physical division of the property an inferior and uncertain means of effecting the division, and for that reason, the sale was the best method of assuring an equitable division. This finding was well-supported by the record, which showed that the value of the real property varied greatly from one tract to another and from one use to another. The fact that the husband at trial agreed to accept the valuations placed by his wife on part of the property was of little assistance to the court in making a division because the valuation on approximately half or considerably more than half, depending upon whose values one accepts, was still disputed. Furthermore, as previously indicated, the court found the valuation used to be highly speculative.

II.
The husband also claims that the court's order was erroneous because it in effect divided the property at a date later than the decree, and was not a determination made at or before the time of the decree as required by § 14-10-113(5), C.R.S.1973. We do not agree.
The order effectively divided the marital property as of the date of the decree by giving the husband a 60% interest and the wife a 40% interest, and the rights of the parties in the property were fixed as of that date. The fact that the husband was charged with selling the property within one year cannot prejudice him, as it is he, rather than the wife, who, subject to the court's approval, has control of the assets. Cf. Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606; Larrick v. Larrick, supra.
Although the court has a duty, after determining the relative interests of the parties, to enter orders which will accomplish the division of the property in an orderly manner, Larrick, supra, a property order which requires large payments to one spouse in a very short period of time has been held confiscatory. Phillips v. Phillips, 171 Colo. 127, 464 P.2d 876; Bell v. Bell, 150 *310 Colo. 174, 371 P.2d 773. In view of the large amount of property involved here, we find the court's order to sell within one year to be reasonable under the circumstances.

III.
The husband further argues that the court erred in ordering him to pay child support for his two 19-year-old daughters. He bases this allegation of error on the contention that the law no longer imposes a duty of support on parents for children over the age of 18. We do not agree.
In Van Orman v. Van Orman, 30 Colo. App. 177, 492 P.2d 81, we held that by statutory definition, § 2-4-401(6), C.R.S. 1973, a person retains the status of minority until the age of 21 years, except where otherwise provided by statute. Van Orman went on to hold that, for purposes of child support, a child was not emancipated as a matter of law until the age of 21.
To avoid the implications of Van Orman, the husband points to three statutes: Section 19-1-103(3), C.R.S.1973, which defines "child" for purposes of the Colorado Children's Code as any person under the age of 18; § 19-7-101(2), C.R.S.1973, which provides that support proceedings under the Children's Code must be initiated before the child's 18th birthday; and § 13-22-101, C.R. S.1973, which provides:
Notwithstanding any other provision of law enacted or any judicial decision made prior to July 1, 1973, every person, otherwise competent, shall be deemed to be of full age at the age of eighteen years or older for the following specific purposes:
(a) To enter into any legal contractual obligation and to be legally bound thereby to the full extent as any other adult person; but such obligation shall not be considered a family expense of the parents of the person who entered into the contract, under section 14-6-110, C.R.S. 1973 ....
However, we perceive no general mandate in these statutes which abrogates the duty of support a parent has toward his minor child. Section 13-22-101, C.R.S.1973, treats persons over 18 as adults only for the specific purposes stated therein, and there is no provision in that statute dealing with support from the child's parents, except that the parents are not liable to third persons on contracts entered into by the child.
While § 19-7-101(2), C.R.S.1973, requires the filing of a petition in a support proceeding before the child's 18th birthday, there is no prohibition against requiring support to continue after that birthday. In a paternity proceeding, which except in certain unusual circumstances, cannot be commenced after the child reaches the age of five years, § 19-6-101(2), C.R.S.1973, the court has authority after adjudicating paternity to order support payments for children from the age of 18 to 21. Section 19-6-105(3)(a). To allow such payments in a paternity action, but not in a support or dissolution action would be totally illogical, and in the absence of an express statutory mandate to the contrary, we decline to reach such a result. See Denver v. Holmes, 156 Colo. 586, 400 P.2d 901.
The trial court correctly found that the father had a duty of support toward his two 19-year-old daughters, and properly exercised its discretion in ordering support payments for them until the age of 21 or emancipation. Van Orman, supra.
We have considered the other contentions raised by the appellant and find them to be without merit.
Judgment affirmed.
PIERCE and RULAND, JJ., concur.