580 P.2d 1275 (1978)
In re the MARRIAGE OF Robert Arthur GEHRET, Appellee, and
Caroline Virginia Gehret, Appellant.
No. 77-538.
Colorado Court of Appeals, Div. III.
June 22, 1978.
*1276 John R. Rasmussen, Lakewood, for appellee.
David W. Pehr, William Pehr, Westminster, for appellant.
SMITH, Judge.
Caroline Gehret appeals from the entry of permanent orders in the dissolution of marriage action below. She asserts that the property division portion of these orders does not comply with § 14-10-113, C.R.S.1973. We agree and reverse for a determination of the value of the disputed property and for a division of property consistent with our holding herein.
The property in dispute is the Gehret's family business, The Mountain States Janitorial Service. Several witnesses were called to testify as to the value of this modest-sized janitorial firm. Although there was some express testimony as to the present fair market value between $40,000 and $50,000other witnesses, while adopting no final figure, supplied the court with formulae from which a fair market value could be derived.
The court, in its final orders, however, made no mention of the fair market value of the business. Rather, the final orders, after declaring the Mountain States Janitorial Service to be marital property, merely provided the following as a "division of property":
"In the event of the sale of Mountain States Janitorial Service for any reason, the net proceeds realized from such sale shall be divided on a fifty-fifty (50-50) basis between the petitioner and the respondent. . . . The petitioner [husband] shall have the sole and exclusive right to operate Mountain States Janitorial Service and shall have complete control over the business."
Later, the court added the one additional provision that if the janitorial service had not been sold at the time of husband's death, it was to be sold and the proceeds equally divided.
The court made other property determinations not of importance here, and it also ordered husband to pay $742.50 in monthly maintenance to the wife, which was to be increased to $1,000 at the end of six months, and to a permanent figure of $1,200 at the end of twelve months. The court also ordered that husband pay $150 to one expert witness called by the wife and $100 to each of the other two, and directed that he pay the wife's attorney's fees in the amount of $1,000.
Wife urges us to hold that the disposition of the Mountain States Janitorial Service is not actually a division of property at all, and that the mandate of § 14-10-113, C.R.S.1973 has not been complied with. She also asserts that the awards given for attorneys' fees and for expert witness fees are insufficient.
Section 14-10-113, C.R.S.1973 is silent as to what constitutes a "division" of property and what does not. The statute merely provides that the court "shall divide the marital property" after considering all relevant factors.
However, the case law persuades us that the "division" in the instant case does not suffice. See Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606 (1969); Menor v. Menor, 154 Colo. 475, 391 P.2d 473 (1964); Larrick v. Larrick, 30 Colo.App. 327, 491 P.2d 1401 (1971).
*1277 In Menor, the trial court awarded the wife 25% of any proceeds realized from the sale of certain stockholdings of her husband. However, the court ordered that the husband's obligation to pay such proceeds would only arise upon dissolution of the company which issued the stock, or the husband's voluntary sale of the stock. In reversing, the Colorado Supreme Court held that it was error to award a share in property which might be acquired after the proceedings. The property division, said the court, "must be based upon conditions as they exist at the time of the hearing . . . ."
In Santilli, the court awarded the wife $17,000 worth of securities, which were registered in her husband's name; and it further authorized her to choose which of the husband's securities she would take in satisfaction of this award. This, too, was reversed on the grounds that it was an improper delegation of the court's discretion to divide the property.
The instant case involves elements found unacceptable in both Menor and Santilli. The order here left all discretion as to the sale of the business in the husband, and it appears, as well, that its effect might be to award a share in property acquired after the dissolution.
Husband argues in response that the division of property here is proper in that it reflects the "totality-of-circumstances" philosophy of Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006 (1972). In Carlson, it was held that in making a division of property the trial court need consider not only the equitable ownership of the property, but may also consider all other factors bearing on the case, including the needs of the parties. Husband directs our attention to the court's statement in the instant case that to order the immediate sale of the janitorial service would be to "kill the goose that laid the golden egg." This type of judicial solicitude, says the husband, is clearly sanctioned by Carlson. We disagree.
There is a distinction between an order which divides the property with an eye toward the needs of the parties, as envisioned by Carlson, and an order which does not divide the property at all. Whatever the role of judicial solicitude in the division of property, it is clear that it will not be permitted to interfere with the statutory command that the property be "divided." See Larrick, supra, and Henderson v. Henderson, 164 Colo. 1, 431 P.2d 1022 (1967).
The efficacy of a division of property in a dissolution of marriage action results from placing in the hands of each party a definable or ascertainable portion of at least some of the attributes of ownership. The "division" in the instant case left all elements of property ownership as well as the determination of the property's ultimate value in the hands of the husband, and left with the wife only the vague expectation that the property might one day be divided. Such a "division" is illusory, and does not comply with § 14-10-113, C.R.S.1973. For a property division to comply with the statute, at the very least, the property must be evaluated, and, if it is to be fractionally divided, the mechanics must be such that the division, however done, can be effectuated "within a reasonable time," after the proceedings. See Larrick, supra.
By our holding here we mean to express no opinion on the legitimacy of one property division scheme as compared to another. We recognize that many divisions of property involve immediate full payment, see H. Clark, Law of Domestic Relations § 14.8(1968), which, in the instant case might well precipitate liquidation of the janitorial service. See generally Henderson, supra. We note that some courts in other jurisdictions have ordered that one party retain control of the income-producing property, but that this party buy out the other's share through yearly installments. See e. g., Beres v. Beres, 52 Del. (2 Storey) 133, 154 A.2d 384 (1959).
We reverse and remand for the determination of the value of the janitorial service so the court can then give adequate consideration to all of the marital asserts in order to make an appropriate property division. Furthermore, in that the maintenance payments *1278 were clearly an adjunct to and dependent upon the property division scheme, we remand also with directions that the portion of the order dealing with maintenance be re-examined. In as much as we have remanded for a redetermination of virtually all of the permanent orders, we believe the issues of attorneys' fees and expert witness fees should likewise be re-examined insofar as they may relate to the whole of the order.
The judgment is reversed and the cause is remanded for a new hearing on the issue of permanent orders.
PIERCE and KELLY, JJ., concur.