Bettye Gaiter-Brooks Supervisor, Central Collection Service Department of Administration 1525 Sherman Street, Room 706 Denver, Colorado 80203
Dear Ms. Gaiter-Brooks:
This letter is written in response to your memorandum of October 5, 1979 to this office. In that memorandum you request a legal opinion concerning the extent of liability of a parent for the costs of care and maintenance of his child in a public institution supervised by the State Department of Institutions.
QUESTION PRESENTED AND CONCLUSION
Your specific question is, how old must a child be before his parents' liability ceases for costs incurred for the care and maintenance of that child in a public institution supervised by the Department of Institutions.
 It is my opinion that the extent of a parent's liability is determined by C.R.S. 1973, 27-12-103(2) and ceases upon the patient's twenty-first birthday or when a parent has completed payments as assessed in article 12, title 27, C.R.S. 1973 for 180 months subsequent to May 1, 1964, whichever event first occurs.
ANALYSIS
C.R.S. 1973, 27-12-101 imposes liability on a patient, his spouse and his parents, for the costs of the care, maintenance, education, or treatment of the patient in an institution supervised by the Department of Institutions. The Department of Institutions is authorized to determine such costs and to assess against the legally responsible persons all or such part of the cost as they are respectively able to pay. C.R.S. 1973,27-12-102(1) and 27-12-103(1). The extent of liability is provided for in C.R.S. 1973, 27-12-103(2) as follows:
 The liability of each parent shall cease when such parent has completed payments as assessed in this article for one hundred eighty months subsequent to May 1, 1964, or upon the patient's twenty-first birthday, whichever event first occurs.
(Emphasis supplied.)
This statutory liability applies to those patients admitted, committed, or transferred to any public institution of Colorado supervised by the Department of Institutions for the care, support, maintenance, education, or treatment of the mentally ill or mentally deficient and to those persons in the care of the Department of Institutions who are received as incompetent after entering a plea of insanity, committed as a sex offender by the State Parole Board or committed as a child in need of supervision or a delinquent child. C.R.S. 1973, 27-12-101.
The Department of Institutions in 1976 promulgated a regulation setting out a uniform method of determining ability to pay for mental health and mental retardation services. See 2 CCR 501-1. That regulation was approved in an opinion of the attorney general dated July 21, 1976. The regulation establishes a method for determining the liability of "legally responsible persons," which is defined to include the patient and his spouse, but only those parents of a patient under eighteen years of age. Consequently, this regulation does not impose liability for institutional costs on parents of patients between the age of eighteen and twenty-one years. By so limiting parental liability, that department regulation is contrary to the statutory liability imposed by C.R.S. 1973, 27-12-101 and 27-12-103(2).
Possible authority to support the department's regulation is set out in C.R.S. 1973, 13-22-101 as follows:
 (1) Notwithstanding any other provision of law enacted or any judicial decision made prior to July 1, 1973, every person, otherwise competent, shall be deemed to be of full age at the age of eighteen years or older for the following specific purposes:
 (a) To enter into any legal contractual obligation and to be legally bound thereby to the full extent as any other adult person; but such obligation shall not be considered a family expense of the parents of the person who entered into the contract, under section 14-6-110, C.R.S. 1973;
 (b) To manage his estate in the same manner as any other adult person, but this section shall not apply to custodial property given or held under the terms of the "Colorado Uniform Gifts to Minors Act";
 (c) To sue and be sued in any action to the full extent as any other adult person in any of the courts of this state, without the necessity for a guardian ad litem or someone acting in his behalf;
 (d) To make decisions in regard to his own body and the body of his issue, whether natural or adopted by such person, to the full extent allowed to any other adult person.
Additional statutory provisions authorize a minor eighteen years of age or older to consent to the furnishing of hospital, medical, dental, and surgical care for himself without the consent of his parents and without the parents being liable to pay for such costs unless they agree to be liable. C.R.S. 1973,13-22-103.
Those statutory provisions do not, however, affect the liability of a parent for the costs of a child who is a patient in an institution supervised by the Department of Institutions. That liability is imposed by statute directly on the parent, it is not imposed by reason of a contract entered into by the child. The imposition of liability upon parents for the costs of care and maintenance of mental incompetents confined in mental institutions was created by statute, and would not exist in the absence of that statute. In re Estate of Randall v. ColoradoState Hospital, 166 Colo. 1, 441 P.2d 153 (1968)
C.R.S. 1973, 13-22-101 and 103, apply only for those specific purposes set out therein. Section 13-22-101 does not abrogate the duty of a parent to support his child until age twenty-one or until the child is emancipated. In re Weaver, 39 Colo. App. 523,571 P.2d 307 (1977), cert. denied 1977. Similarly, a parent's statutory liability for the costs of care of his child continues until the conditions set out in section27-12-103(2) occur. Furthermore, if a child is incompetent for reasons other than age, sections 13-22-101 and 103 do not apply in any event.
In view of the Weaver case, decided subsequent to the attorney general's opinion approving the department's regulation, and of the express provisions of section 27-12-103(2), the Department of Institution regulation is invalid insofar as it relieves from liability a parent of a patient between 18 and 21 years of age. This opinion should have prospective application only since the regulation was previously approved by this office. It would be unfair to now seek payment from parents excused from liability on the basis of that earlier opinion.
SUMMARY
It is, therefore, my opinion that a parent remains liable for the costs of care of his child at a public institution supervised by the Department of Institutions until that child reaches the age of twenty-one years or the other conditions of C.R.S. 1973,27-12-103(2) occur. If you have additional questions concerning this matter, please feel free to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
HOSPITALS
MENTAL HEALTH
STATE AGENCIES
JUVENILES
C.R.S. 1973, 27-12-103(2)
ADMINISTRATION, DEPT. OF
Accounts Control Div. of
The parent of a child admitted or committed to an institution supervised by the Department of Institutions is liable for the costs of the child's care until the patient reaches the age of twenty-one years. A Department of Institutions regulation is inconsistent with a statute insofar as the regulation provides that the parent is liable only until the child reaches the age of eighteen years.