In re the MARRIAGE OF June Elizabeth WEISS, Appellee,

and

Charles Edwin Weiss, Appellant.

No. 82CA0868.

Colorado Court of Appeals, Div. I.

Nov. 29, 1984.

Rehearing Denied Dec. 20, 1984.

Hinds & Mustain-Wood, P.C., Robert T. Hinds, Jr., Linda Daley, Littleton, for appellee.

Raphael M. Solot, Denver, for appellant.

PIERCE, Judge.

Husband appeals the permanent orders concerning division of property in this dissolution of marriage proceeding. We reverse.

This was a marriage of nine years duration. There were no children, and the wife has a ½ interest in a growing business that has been awarded to her in the property division. Among other findings regarding the total division of marital assets, the trial court found husband and a business associate, George Fancher, had created a partnership during the course of the marriage, which partnership had purchased four properties or options on properties to be renovated and resold for profit. Wife participated in some of the property renovation. The trial court found husband's 50% interest in the partnership to be marital property subject to division.

The court awarded to wife, among other assets and liabilities, 60% of any recovery from husband's interest in the partnership. The husband received several of the joint assets, including 40% of any recovery from his interest in the partnership.

Among the marital debts, the trial court found a marital obligation for state and

federal tax liabilities in the total amount of $119,582 created by the failure of the parties to file income tax returns for 1976, 1977, and 1978. Husband was found responsible for this entire state and federal tax debt.

### Husband-Fancher Business

#### A.

■ Husband first asserts the trial court erred in finding a partnership to exist between husband and Fancher. We agree.

The issue of whether a partnership existed should be left for determination in a later lawsuit with all parties, including Fancher, before the court. However, this error is without significance since the court made a distribution between husband and wife of whatever interest the husband may have in his business arrangement with Fancher.

#### B.

■ Husband next contends that the trial court erred in determining his interest in his business arrangement with Fancher to be marital property. We disagree.

This asset, whatever its nature and value, was acquired during the marriage. Accordingly, the trial court properly declared husband's interest to be marital property. *In re Marriage of Howard,* 42 Colo.App. 457, 600 P.2d 93 (1979).

#### C.

Husband's principal contention regarding the Fancher assets is that the trial court erred in its method of valuing and then dividing his interest in these properties.

■ The trial court entered a "charging order" pursuant to § 7–60–128, C.R.S., directing husband to assign to wife all of his interest in the Fancher assets acquired during the marriage. The charging order provides that the wife has 18 months within which to sue Fancher to enforce husband's interest in those assets, and that the net recovery (if any) would be divided on a 60–40 percent basis between wife and husband. The order is silent as to the disposi-

tion of this asset if suit is not brought within 18 months.

The mechanism employed to divide the marital estate rests within the sound discretion of the trial court and will not be disturbed on appeal absent abuse. *In re Marriage of Dickey,* 658 P.2d 276 (Colo. App.1982).

Here, the court could neither order a sale of the assets nor enter a determination binding against Fancher. The court therefore did the best it could in determining the present ownership interests of husband and wife in any recovery made by wife against Fancher and in setting a limit of 18 months within which wife must begin such litigation. Even though the mechanism the court used was probably gleaned from the Uniform Partnership Act, we see no abuse in its employment here. *See In re Marriage of Weaver,* 39 Colo.App. 523, 571 P.2d 307 (1977); *In re Marriage of Anderson,* 525 P.2d 499 (Colo.App.1974) (not selected for official publication).

This mechanism also avoids the problems raised in *In re Marriage of Gehret,* 41 Colo.App. 162, 580 P.2d 1275 (1978) and *Menor v. Menor,* 154 Colo. 475, 391 P.2d 473 (1964), in which indeterminate orders of sale allowed the division of property acquired subsequent to the date of hearing. It is incomplete, however, in that no provision is made for the situation which would arise if the wife fails to sue within 18 months.

#### D.

■ Husband further asserts that § 7–60–128, C.R.S., cannot provide a basis for the charging order because there were no claims or demands before the trial court which could have resulted in a "money judgment." Again, we disagree.

If, pursuant to the decree of dissolution, wife obtains a judgment against, and thereby becomes a judgment creditor of husband, then wife has the right to request, and the trial court the power to enter, an order charging husband's Fancher interest with payment of wife's judgment. *See*

§ 7–60–128, C.R.S. The property division entered here provided wife a money judgment sufficient to constitute the basis of a charging order. *See* § 14–10–122(1), C.R.S.; *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981); *Beardshear v. Beardshear*, 143 Colo. 293, 352 P.2d 969 (1960); *In re Marriage of McCue*, 645 P.2d 854 (Colo. App.1982).

### E.

 Husband also contends that the trial court erred in considering the potential value of the Fancher interest when dividing the marital properties and debts. Husband apparently asserts that, since the monetary value of his 40% recovery from the 50% interest depends upon wife's ultimate success in separate litigation against Fancher, the trial court should not have considered this inchoate asset when determining the division of property.

It was not error for the trial court to leave the actual amount recoverable to determination in a separate suit. *See In re Marriage of Weaver, supra.*

### *Tax Debt*

Husband contends that the trial court's division of marital assets and liabilities left him with such a disproportionately larger share of the liabilities as to constitute an abuse of discretion. We agree.

A fair and equitable division of property does not necessarily mean an equal division. However, where the division is manifestly unfair, inequitable, and unconscionable, the award must be set aside. *Bell v. Bell*, 150 Colo. 174, 371 P.2d 773 (1962).

Although the trial court's division and allocation of the Fancher entity assets was not erroneous when considered separately, the ultimate disposition of those assets may cause the property division to be unconscionable. The result of the subsequent litigation concerning those assets is uncertain. It is conceivable that the parties may recover nothing, for whatever reasons, from husband's interest in the entity.

If this should occur and if husband is made to pay the entire tax liability, he will be left with a negative net worth of over $119,000, while wife will be left with a positive net worth of approximately $38,000. Such a division is facially unfair and inequitable.

We are also unable to find in the division made by the court any reference to the 1979 and 1980 taxes or any other taxes which may have accrued as debts of the parties prior to the time of the hearing. The marital tax debt for all years prior to the dissolution should be divided equitably.

We have examined the other issues raised by husband and find them to be without merit.

The judgment is reversed. The cause is remanded with directions to modify the order so as to account for any other tax debts outstanding at the time of trial, to make provision for the eventuality that the wife may not begin the Fancher suit within 18 months, and to redistribute the assets and debts of the parties so as to assure an equitable result.

VAN CISE and TURSI, JJ., concur.