**In re the MARRIAGE OF Marcia Louise WECK, Appellant,**

**and**

**Dieter Otto Weck, Appellee.**

**No. 83CA1235.**

Colorado Court of Appeals, Div. I.

Aug. 15, 1985.

Warren, Mundt & Martin, P.C., Robert B. Warren, Barash & LeHouillier, Patric J. LeHouillier, Colorado Springs, for appellant.

Robert W. Johnson, Colorado Springs, for appellee.

PIERCE, Judge.

Marcia Louise Weck (wife) appeals portions of the property division made in this dissolution of marriage action. We affirm.

At the time of the decree, husband and wife had entered into a separation agreement which included a stipulated division of marital property. The division consisted primarily of: a marital bakery business with a stipulated value of $303,656.25 awarded to husband; a family home which was to be listed for sale at $180,000 and awarded to wife; and 30 gold coins with a stipulated value of $13,800 awarded to husband. In order to equalize the division, and to augment the stipulation the trial court ordered husband to execute a promissory note to wife payable monthly over a ten-year period at 10% per annum interest in the amount of the difference between what she received and one half of the marital equity. As collateral for the note, husband was to put up his 39,500 shares in the family bakery business. Since the parties were able to reach settlement on all of the issues, no trial was held. In a subsequent motion to alter or amend the judgment or for new trial, wife made, and raises again on this appeal, the following challenges to the property division order.

I.

### Valuation of the Bakery Business

Wife first challenges as unconscionable the stipulated valuation of the bakery business complaining that the trial court failed to review the agreement for unconscionability, and arguing that the valuation was erroneously based on book value rather than on market value. We disagree on both counts.

### A.

Here, the agreement of the parties with the stipulated values and division was made in open court in the presence of counsel for both parties. Wife acknowledged that she fully and completely understood the agreement and testified to being satisfied that the agreement was fair and equitable to her. There is no basis in the record before us to conclude that the agreement and stipulation are unconscionable; nor has wife presented any evidence of overreaching, concealment of assets, sharp dealing, or fraud. *See In re Marriage of Lowery*, 39 Colo.App. 413, 568 P.2d 103, *aff'd* 195 Colo. 86, 575 P.2d 430 (1978).

Unlike the situations in *In re Marriage of Manzo*, 659 P.2d 669 (Colo.1983) and *In re Marriage of Wigner*, 40 Colo. App. 253, 572 P.2d 495 (1977), there was no challenge here of unconscionability *prior* to incorporation of the agreement in the dissolution decree. Here, the record shows a careful consideration of the stipulation by the trial court and augmentation of the agreement on matters on which it was silent before it was merged into the final orders. Under such circumstances, while it would have been better practice for the trial court to make findings showing consideration of the pertinent statutory criteria, *see In re Marriage of Lowery, supra,* we hold there is no reversible error in the trial court's failure to make a specific finding that the stipulation is not unconscionable.

**438**

## B.

In challenging the stipulated valuation, wife fails to recognize that parties to a marriage are free to arrange for division of their property, and such an agreement, if not unconscionable, is presumed binding upon the court. *In re Marriage of Manzo, supra; see In re Marriage of Newman,* 653 P.2d 728 (Colo.1982). Inasmuch as there is no evidence of unconscionability and no showing of abuse of discretion, the valuation accepted by the trial court will not be disturbed on appeal.

## II.

### Timeliness

Wife next challenges the 10-year payout by husband, as ordered by the court, as not effectuating the division of property "within a reasonable time" as required by *In re Marriage of Gehret,* 41 Colo.App. 162, 580 P.2d 1275 (1978). We find no abuse of discretion here.

The trial court's order allowed husband to continue operation of the bakery business while equalizing the division so that wife receives one half of the total marital equity. *See In re Marriage of Hoffman,* 650 P.2d 1344 (Colo.App.1982). The record before us indicates that at the time of the dissolution, the bakery business had been a growing business for approximately five years, that the note to wife would be in the approximate range of $60,000, and that it would be amply secured by husband's shares in the business. Under these circumstances, the property division was properly effectuated "within a reasonable time." *Cf. In re Marriage of Gehret, supra.*

## III.

Wife next argues that the court erred in failing to consider the capital gains tax liability to her in connection with the sale of the family home, thus decreasing her share of the marital property. We disagree.

Again, the wife agreed to the valuations to be placed on various items, including the family home, and she cannot now retract her stipulation for the reasons set forth in Section I above.

The other issues raised by wife are either not properly before us or are without merit.

The judgment is affirmed.

ENOCH, C.J., and BERMAN, J., concur.