**In re the MARRIAGE OF Corine GILMORE, Petitioner-Appellee,**

**and**

**Robert Lee Gilmore, Respondent-Appellant.**

**No. 84CA0861.**

Colorado Court of Appeals, Div. II.

Oct. 3, 1985.

---

Corine Gilmore, pro se.

Powers Professional Corp., William A. Powers, Littleton, for respondent-appellant.

METZGER, Judge.

In this dissolution of marriage action, the sole issue on appeal is whether the trial court erred in entering an order which substantially modified a stipulation of the parties it had previously approved and accepted. We reverse and remand.

This is the second time the parties have been before this court. In *In re Marriage*

*of Gilmore,* 672 P.2d 228 (Colo.App.1983), we reversed that portion of the trial court's order awarding wife maintenance, and remanded the cause to the trial court for a new hearing and order.

In May 1984, appearing before a different judge, the parties stipulated that husband owed wife $10,000 pursuant to a judgment for maintenance arrearages. He was to pay this judgment by assigning $250 a month from his government pension, and the judgment would carry simple interest of 8 percent per annum.

The second part of the stipulation concerned ongoing maintenance. Husband was to pay wife $350 a month maintenance, also to be assigned to her from his government pension, until further order of court. Thus, husband would assign a total of $600 per month to wife from his pension until the $10,000 judgment was paid in full. After that time, wife would continue to receive only $350 per month as maintenance. Both parties verbally agreed to the above terms and the trial court accepted the stipulation in open court.

Subsequently, the trial court entered a written order which required, in pertinent part, that the $600 per month payments to wife continue as ongoing maintenance after satisfaction of the $10,000 judgment. The parties filed a joint motion to amend the judgment to conform to the terms of the stipulation, and the trial court denied it. Husband contends that the trial court erred in entering an order which differed materially from the parties' stipulation. We agree.

Section 14–10–112, C.R.S., provides in pertinent part:

"(2) In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement ... are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties ... that the separation agreement is unconscionable.

(3) If the court finds the separation agreement unconscionable, the court may request the parties to submit a revised separation agreement, or the court may make orders for the disposition of property, support, and maintenance.

(4) If the court finds that the separation agreement is not unconscionable ...:

(a) ... its terms shall be set forth in the decree of dissolution or legal separation, and the parties shall be ordered to perform them...."

Here, after considering the economic circumstances of the parties, the trial court approved the parties' verbal stipulation. It made no findings of unconscionability. *See In re Marriage of Weck,* 706 P.2d 436 (Colo.App.1985). Later, it materially altered the agreement's terms by its written order, contrary to the mandatory provisions of the statute. This was error.

Accordingly, the order is reversed, and the cause is remanded to the trial court for entry of an order consistent with the parties' stipulation.

BERMAN and TURSI, JJ., concur.