**In re the MARRIAGE OF Edna Mae VINCENT, Appellant,**

**and**

**Jack F. Vincent, Appellee.**

**No. 83CA1183.**

Colorado Court of Appeals, Div. II.

Oct. 17, 1985.

Drummond & Dougherty, P.C., Donald G. Drummond, Pueblo, for appellant.

Larry Dean Allen, Canon City, for appellee.

VAN CISE, Judge.

In this post-dissolution of marriage proceeding, Edna Mae Vincent, wife, appeals the trial court's order denying her motion for continuing maintenance from Jack F. Vincent, husband. We affirm.

The marriage of the parties was dissolved in January 1982. The court considered their 1981 separation agreement, determined it was not unconscionable, incorporated it into the decree of dissolution, and ordered the parties to perform its terms.

The agreement provided that any income tax refund for 1981 "shall be divided equally between them," and that husband shall "pay to wife the sum of $20,000.00 on or before December 20, 1981, and an additional payment to her of $31,500.00 on or before January 15, 1982." It further provided:

"The husband agrees to pay to the wife the sum of $150.00 per week for maintenance for the wife. The payments are to commence on the 18th day of January, 1982, and are a continuation of the payments provided for in the Temporary Agreement previously filed herein. Said payments are to continue for a period of 52 weeks from date of January 18, 1982.

"Payments of spousal maintenance shall not terminate upon remarriage or death of either party.

"It is stipulated by and between the parties that upon [husband's] payment of all sums as provided in this Agreement, and payment of all maintenance as provided in this Agreement and as provided in the Temporary Agreement previously filed herein, [wife] shall waive any and all claims and rights to spousal maintenance. In the event that [husband] fails to pay all sums as provided herein and maintenance as provided herein, then [wife's] waiver of spousal maintenance shall be null and void, and [wife] shall have the right to apply to the court for permanent spousal maintenance."

In February 1983, wife filed a motion asking the court to award maintenance to her. She claimed that husband had not paid her $150 each week and had not sent her half of the $597 tax refund.

At a hearing on the motion, testimony of both parties showed that the $20,000 was paid about three weeks late but that the $31,500 was paid on time. All of the $150 weekly maintenance payments had been made before the motion was filed, but all were paid late. Husband's practice, commencing with the period of the temporary agreement in 1980 and continuing into February 1983, was to write a separate check for each week and then, shortly after the first of the following month, send wife all of the checks for the preceding month. Payment of her half of the refund check, plus 6 months interest, was tendered at the hearing.

The court found that husband made a good faith mistake with regard to the issue of the 1981 income tax refund and noted that he was reimbursing wife for her half. With regard to maintenance, it found that wife had acquiesced in husband's method of monthly payments, and that all sums actually due had been paid. It held that: "The failure to pay the amounts due at a specific time is only a technical default and is de minimis.... [T]here has been a sufficient and substantial compliance with the final decree of this court by [husband] and ... it is apparent from the course of conduct of the parties that time was not of the essence in the agreements.... [Wife] had an obligation to make earlier objections to [husband's] method of payments of the maintenance payments if she had an objection to the same."

Based on husband's substantial compliance with the agreement and the order incorporating the same, the court denied wife's motion and held that she was "permanently barred from seeking spousal maintenance from [husband] in this action."

Contrary to wife's contentions, the trial court's findings set out above are all supported by competent evidence and are, therefore, binding on review. *In re Marriage of Hoffman*, 650 P.2d 1344 (Colo. App.1982).

We also disagree with wife's contention that the trial court erred in permanently barring wife from further maintenance. She signed the agreement which provided that upon husband's payment of all sums provided for, any and all claims to maintenance would be waived. He made the required payments.

Inasmuch as there was no showing here of fraud, collusion, or compulsion, the separation agreement was found to be not unconscionable, and wife received valuable consideration, the court could not relieve her from her waiver thereunder. Section 14–10–112, C.R.S. *See Newey v. Newey*, 161 Colo. 395, 421 P.2d 464 (1966); *In re Marriage of Gilmore*, 709 P.2d 952 (Colo. App.1985).

Order affirmed.

SMITH and STERNBERG, JJ., concur.