**In re the MARRIAGE OF Dana Charmion PAUL, Appellee,**

**and**

**John Michael Paul, Appellant.**

**No. 90CA1232.**

Colorado Court of Appeals,
Div. V.

Nov. 21, 1991.

Barbara A. Stark, Denver, for appellee.

Polidori, Gerome, Franklin and Jacobson, Peter L. Franklin, Lakewood, for appellant.

Opinion by Judge RULAND.

In this dissolution of marriage proceeding, John Michael Paul (husband) appeals from that part of the judgment relative to the interest of Dana Charmion Paul (wife) in Writer Development, Ltd., a Colorado general partnership. We reverse and remand for further proceedings.

The parties dissolved their marriage after twenty-two years. The sole issue on appeal is whether the trial court erred in distributing wife's 22.5 percent interest in Writer Development.

After the parties married, Writer Development was formed by wife and her two brothers as general partners. It is uncontroverted that the partnership was funded exclusively with borrowed capital, that wife made no contribution of her separate assets to the partnership, and that husband played a significant role in developing the business. The trial court found wife's 22.5 per cent partnership interest to be a marital asset, and that ruling has not been challenged.

The partnership assets consist of an office building, which is under lease through 1992, and 15 acres of surrounding, undeveloped property. Although husband's attorney stated in opening remarks that the partnership property was worth approximately $9.8 million, neither party presented any evidence of current value. The trial

court, therefore, did not value the partnership interest. Instead, the court distributed the interest to wife, under the following terms:

The 22.5 percent interest in Writer's Development Ltd. is awarded to the wife. When the wife's interest in this asset is sold or subject to full or partial distribution, the net proceeds shall be divided between the parties 66⅔ percent to the wife and 33⅓ percent to the husband. Each party will be responsible, pursuant to the same ratio, for all capital calls and any debt related to the wife's interest in this partnership. The wife shall be entitled to receive all regular monthly income distributions from this partnership. However, if those distributions exceed the amount of those received in the past, the excess amount shall be shared by the parties on the applicable ratio as provided herein.

The court imposed no limitations on the time and manner of the payment of husband's interest, nor any restrictions on wife's exclusive control of the asset.

## I

Husband contends that the court's order is "illusory" because it maintains the parties' common ownership of a marital asset, yet deprives him of any legal or beneficial attributes of ownership. We agree.

■ Generally, it is improper for the trial court to continue a joint or common tenancy between divorced spouses. *Henderson v. Henderson,* 164 Colo. 1, 431 P.2d 1022 (1967). Instead, a division of marital property should leave to each party a definable or ascertainable portion of at least some of the attributes of ownership. *In re Marriage of Gehret,* 41 Colo.App. 162, 580 P.2d 1275 (1978).

This rule is derived both from the statutory mandate under § 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B), to "divide the marital property," and from the public policy of discouraging continued litigation and ongoing financial interaction between divorced spouses. *See Santilli v. Santilli,* 169 Colo. 49, 453 P.2d 606 (1969); L. Golden,

*Equitable Distribution of Property* § 8.08 (1983).

■ Here, inasmuch as wife and her brothers have exclusive control of business operations, husband has no assurance that he will ever receive any income or ultimate distribution of the partnership interest. Also, he has no ability to participate in or remain informed of business decisions affecting his interest. Conversely, husband remains liable for payment of his share of capital calls. In this posture, it is likely that continued conflict between the parties will persist, thus frustrating their abilities to proceed with their separate lives. *See Robbins v. Robbins,* 549 So.2d 1033 (Fla. App.1989).

## II

We are not persuaded by wife's argument that the court's contingent division was proper under the "reserve jurisdiction" method of distribution.

■ Under this method, a trial court is not required to value a contingent property interest, but can reserve jurisdiction to distribute the asset "if, as, and when, it is paid out." *In re Marriage of Gallo,* 752 P.2d 47 (Colo.1988). The reserve jurisdiction method was developed as a means of dividing vested but unmatured retirement pensions, *In re Marriage of Grubb,* 745 P.2d 661 (Colo.1987), but it has been applied to other contingent property interests as well. *In re Marriage of Fields,* 779 P.2d 1371 (Colo.App.1989) (unliquidated personal injury claim); *In re Marriage of Vogt,* 773 P.2d 631 (Colo.App.1989) (attorney contingent fee).

In our view, however, it is inappropriate to apply the reserve jurisdiction method under the facts of this case. Not only does husband lack financial control over his interest in the asset, but he remains obligated to furnish financial support for the undertaking without assurance that any value will ever be realized. Under these circumstances, we conclude that a different method of distribution for the asset is required.

**928**

## III

Because the issue will arise on remand, we address husband's contention that he is entitled to an in-kind division of the partnership interest.

■ Under the entity theory of partnership adopted in the Uniform Partnership Act, § 7-60-101, et seq., C.R.S. (1986 Repl. Vol. 3A), partnership property is owned by the partnership entity, not the individual partners. Section 7-60-125, C.R.S. (1986 Repl.Vol. 3A). And, a partner's interest in the partnership is deemed personalty and consists of a proportionate share of the firm's profits and surplus. Section 7-60-126, C.R.S. (1986 Repl.Vol. 3A). Hence, the trial court cannot order a division of specific partnership interest to a non-partner spouse if, as here, there are other partners in the venture besides the other spouse. *Cf. Kalcevic v. Kalcevic,* 156 Colo. 151, 397 P.2d 483 (1964); *see generally* 1 A. Bromberg & L. Ribstein, *Bromberg & Ribstein on Partnership* § 3.05 (1988).

■ By the same reasoning, in order to avoid a dissolution of the partnership under § 7-60-129, C.R.S. (1986 Repl.Vol. 3A), or a disruption of partnership business, we conclude that it is inappropriate here to award an in-kind division of wife's interest.

In lieu of an in-kind distribution, the court may secure the services of an expert in order to determine an appropriate value for the asset. *See* CRE 706. If necessary, the monetary award of a portion of that value can be enforced by a charging order on the partnership interest. Section 7-60-128, C.R.S. (1986 Repl.Vol. 3A); *In re Marriage of Weiss,* 695 P.2d 778 (Colo.App. 1984). Other possible methods available to achieve an equitable distribution include awarding husband offsetting marital property or allowing wife to purchase husband's interest within a reasonable time. *See Weston v. Weston,* 773 P.2d 408 (Utah App.1989).

The portion of the judgment dividing marital property is reversed, and the cause is remanded for a reconsideration of the equitable distribution of the marital assets consistent with the views expressed in this opinion.

REED and DUBOFSKY, JJ., concur.