24CA1757 Marriage of Moniruzzaman 07-31-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1757
City and County of Denver District Court No. 22DR30867
Honorable Ann Gail Meinster, Judge

In re the Marriage of

MD Moniruzzaman,

Appellant and Cross-Appellee,

and

Naheda Akter,

Appellee and Cross-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Brown and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

Warren Domangue, Littleton, Colorado, for Appellant and Cross-Appellee

Smith Balicki Finn Laraway, LLC, Ashley L. Balicki, William D. Taylor,
Centennial, Colorado, for Appellee and Cross-Appellant

¶ 1    MD Moniruzzaman (husband) appeals the portions of the permanent orders concerning property division and child support entered on the dissolution of his marriage to Naheda Akter (wife). Wife cross-appeals the allocation of the parties' debt. We reverse the property division, maintenance, and child support portions of the permanent orders.

## I.    Background

¶ 2    The parties married in 2014 and have two children. In 2022, the parties separated, and husband petitioned to dissolve the parties' marriage.

¶ 3    The district court dissolved the marriage and entered permanent orders. The marital estate consisted primarily of the marital home and two vehicles. The court awarded each party a vehicle. As to the marital home — the largest asset — the court found that each party's share of the equity in the home "would be approximately $110,000." But instead of dividing this equity between husband and wife, the court found that "it is in the children's best interests to allow them to stay in the home" with wife, their primary caretaker. The court added that, "[a]s long as [husband] pays [his] arrearage on child support and remains

1

current on child support going forward, he shall continue to build equity in the value of the marital home."

¶ 4    Concerning the marital debt, the district court allocated about $43,000 to wife and about $138,000 to husband.

¶ 5    As for child support, the district court ordered husband to pay wife a total of $3,480 per month: $1,240 based on the child support guidelines; $1,000 from an upward deviation; and $1,240 in arrearage installments (lasting two years).  Because the court deviated upward from the child support guideline, it declined to award wife any maintenance.

## II.    Property Division

¶ 6    Husband contends that the district court erred by failing to divide the marital home's equity.  We agree.

¶ 7    The district court has broad discretion to equitably divide the marital property, and we won't disturb its division absent an abuse of discretion.  *In re Marriage of Smith*, 2024 COA 95, ¶¶ 64-65.  A district court abuses its discretion when it misapplies the law.  *Id.* at ¶ 65.

¶ 8    A district court must equitably divide the marital property, though the division need not be equal.  § 14-10-113(1), C.R.S.

2024; *In re Marriage of Burford*, 26 P.3d 550, 556 (Colo. App. 2001). But an order that leaves one party with "only the vague expectation that the property may one day be divided" is "illusory" and does not comply with the statutory mandate to divide marital property. *In re Marriage of Gehret*, 580 P.2d 1275, 1277 (Colo. App. 1978). Thus, it's generally improper for the court to continue joint property ownership between divorced spouses unless the court "gives each party a definable or ascertainable portion of at least some of the attributes of ownership" and ensures that "the mechanics of any fractional division can be accomplished within a reasonable time." *In re Marriage of Simon*, 856 P.2d 47, 49 (Colo. App. 1993).

¶ 9     As best we can tell, the district court awarded husband an unspecified amount of the marital home's equity so long as he "pays the arrearage on child support and remains current on child support going forward."[1] But the order provides no guidance on

---

[1] The district court added that husband would "continue to build equity in the value of the marital home." But if husband is not awarded any interest in the home, he would not be entitled to any future increase in the home's value because property must be valued at the time of dissolution or the hearing on property division, whichever comes first. *In re Marriage of Wormell*, 697 P.2d 812, 814 (Colo. App. 1985); § 14-10-113(5), C.R.S. 2024.

when, if ever, the marital home would be sold or how the proceeds would be split. Instead, it appears that wife may reside in the home indefinitely while husband has no assurance that he will receive his interest in the home. Because this leaves husband with an illusory interest in the marital home, we must reverse the property division. *See Gehret*, 580 P.2d at 1276-77 (reversing illusory order that equally divided marital interest in business "[i]n the event of the sale of [the business] for any reason"); *In re Marriage of Paul*, 821 P.2d 925, 927-28 (Colo. App. 1991) (reversing illusory order concerning husband's interest in an office building because the court "imposed no limitations on the time and manner of the payment of husband's interest, nor any restrictions on wife's exclusive control of the asset").

¶ 10 And because the allocation of marital debt "is in the nature of property division," *In re Marriage of Jorgenson*, 143 P.3d 1169, 1172 (Colo. App. 2006), the district court must necessarily revisit the debt allocation on remand, *see In re Marriage of Capparelli*, 2024 COA 103M, ¶ 26 (requiring court to reexamine "the entire property division on remand" after reversal of material portions of the

property division). We therefore decline to consider wife's cross-appeal concerning the marital debt.[2]

¶ 11     We express no opinion on how the district court should divide the marital home or allocate the marital debt. If the marital home is to be fractionally divided, any such division must be accomplished within a reasonable time. *Simon*, 856 P.2d at 49.

### III.     Other Contentions and Remand Instructions

¶ 12     Because we're reversing the property division, we must also reverse the portion of the permanent orders addressing maintenance and child support. *See LaFleur v. Pyfer*, 2021 CO 3, ¶ 66; *In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005). For this reason, we similarly decline to address husband's contentions regarding child support.

¶ 13     On remand, the district court may take additional evidence as it deems necessary, *see In re Marriage of Corak*, 2014 COA 147,

---

[2] Though we do not consider the allocation of marital debt, we do observe that the district court appeared to rely on a stipulation that each party would be "responsible for their respective credit card debt as reflected on their [s]worn [f]inancial [s]tatements." Because the appellate record does not contain this stipulation, to the extent any such stipulation exists, it should be presented to the district court and made a part of the record.

¶ 21, but it must use the same property and debt valuations from the permanent orders, *Capparelli*, ¶ 26; § 14-10-113(5).  The court must also examine the property and debt divisions based on the parties' current economic circumstances.  *Capparelli*, ¶ 26; § 14-10-113(1)(c).  The court should follow the multi-step analysis under section 14-10-113 and make explicit factual findings when required.  *See LaFleur*, ¶¶ 62-63, 65.

¶ 14    After dividing the marital property and debt, the district court should then assess maintenance and child support under the procedures laid out respectively in sections 14-10-114(3)(a)(I) and 14-10-115(7), C.R.S. 2024.  As before, the court should consider the parties' current economic circumstances and make findings when required.  *In re Marriage of Wright*, 2020 COA 11, ¶¶ 23-24.  Any deviation from the child support guidelines must be supported by specific findings.  *See* § 14-10-115(8)(e).

IV.    Disposition

¶ 15    We reverse the portions of the judgment concerning property division, maintenance, and child support, and we remand the case for further proceedings consistent with this opinion.  The portions

of the permanent orders not challenged on appeal remain undisturbed.

JUDGE BROWN and JUDGE SCHOCK concur.