## Barbara J. Albarelli v. Patrick J. Albarelli

[564 A.2d 598]

No. 88-559

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 30, 1989

*Blais, Cain, Keller & Fowler, Inc.*, Burlington, for Plaintiff-Appellee.

*Jarvis & Kaplan*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant husband appeals from a divorce decree of the Chittenden Superior Court on the issues of property division and child support. We affirm.

The parties owned a duplex residence in Colchester, which was decreed to plaintiff, and a duplex in Burlington, which the court awarded to defendant. Prior to the final hearing, the parties sold a parcel of land they had owned in Eden, and defendant removed from it a quantity of lumber worth approximately $4,000. The court ordered defendant to pay plaintiff $8,437.90, which was calculated to be half of the difference in equity between the two residential properties plus half of the net proceeds from the sale of the Eden land and half the value of the lumber.

Defendant does not question the formula for equal division of the assets in question, but argues that the values assigned by the court to the residential properties were stale at the time of the August 22, 1988 hearing. Specifically, defendant contends that the valuations relied on by the court in reaching its decision—those offered by plaintiff—were based on appraisals more than a year old at the date of trial. He argues

that the use of current values would have increased plaintiff's equity by some $16,000 while lowering his own by $1,700.

■ As a general proposition, marital assets should be valued as close to the date of trial as possible. See *Dobbyn v. Dobbyn*, 57 Md. App. 662, 676, 471 A.2d 1068, 1075 (1984); *Taylor v. Taylor*, 736 S.W.2d 388, 391 (Mo. 1987). While our case law has not previously spelled out such a principle with specificity, we recently held that relying on a valuation of marital property conducted three years before trial constituted an abuse of discretion by the trial court. *Cleverly v. Cleverly*, 151 Vt. 351, 354–55, 561 A.2d 99, 101 (1989). We think that this principle is the one most consistent with the mandate of 15 V.S.A. § 751(a) that the trial court "equitably divide and assign the property," and the one that best promotes fairness in the imprecise task of setting valuations.

■ Defendant's reliance on the principle just stated is without merit, however, since the court relied not on the appraisals which he calls "stale," but on plaintiff's contemporaneous testimony. At trial, defendant objected to the introduction of the appraisals themselves on hearsay grounds, and the objection was sustained. Nevertheless, the plaintiff herself testified as to her opinion of the value of both parcels of land. While it is clear that her testimony as to valuation relied significantly on the inadmissible appraisals, the testimony was hers, and she was competent to offer it. 12 V.S.A. § 1604; *Jackson v. Jackson*, 139 Vt. 548, 550, 432 A.2d 1181, 1182 (1981). As a co-owner, she was familiar with both properties, and was not totally dependent on the opinions of others, as was the case in *Enos v. Owens Slate Co.*, 104 Vt. 329, 337–38, 160 A. 185, 189 (1932), where the witness utterly lacked familiarity with the assets about whose value he testified.*

---

* Defendant also cites *Cadel v. Sherburne Corp.*, 139 Vt. 134, 136, 425 A.2d 546, 547 (1980), for the proposition that it is hearsay for one expert to testify as to the opinion of other experts. Plaintiff did not testify as an expert, however, but rather as an owner of the properties in question. It was open to defendant to cast doubt on her ability to offer an opinion as to the valuations, but he chose not to do so.

■ Moreover, defendant did not cross-examine plaintiff or introduce contrary evidence and is not, therefore, in a position to challenge the court's determination on the valuations in question. See *In re Marriage of Hopkins*, 142 Cal. App. 3d 350, 361, 191 Cal. Rptr. 70, 78 (1983); *Rosenberg v. Rosenberg*, 64 Md. App. 487, 508, 497 A.2d 485, 495, *cert. denied*, 501 A.2d 845 (1985). Shortly after the trial, defendant obtained his own appraisals of the properties, but they were not part of the record below and will not be considered on appeal.

Defendant also challenges as unsupported by the findings the trial court's award of child support. The trial court's order on child support simply recites the parties' respective income statements and concludes that defendant should pay child support in the amount of $98 per week, as provided in the Department of Social Welfare Child Support Guidelines. A review of the transcript reveals that other than clearing up confusion as to the amount of income in plaintiff's most current income statement, defendant raised no issues concerning the accuracy of the figures supplied to the court by plaintiff and did not seek to supplement the information in defendant's income statement. In fact, defendant's own requests for findings contained the following:

5. Defendant shall pay to the Plaintiff for support, maintenance and education of said minor child the sum of $98 per week, this amount being based upon the State of Vermont Child Support Guidelines.

■ In short, defendant raised no factual or legal issue at trial about the child support level, but left it for the trial judge to determine as a matter not in dispute between the parties.

Other objections briefed by defendant relative to plaintiff's testimony were not made at the time of trial, and may not be raised for the first time on appeal. *Bibens v. Bibens*, 144 Vt. 287, 288, 476 A.2d 134, 135 (1984).

*Affirmed.*