### Jacqueline N. Mabee v. Douglass M. Mabee

[617 A.2d 162]

No. 92-160

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 9, 1992

*Jeremy Dworkin*, South Londonderry, for Plaintiff-Appellee.

*Lucy T. Brown* and *Robert F. O'Neill* of *Gravel and Shea*, Burlington, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from the trial court's modification of his child support obligation which was based on an increase in his income due to capital gains realized in 1990 from the sale of property that he received pursuant to a divorce decree. Because the court awarded this property based on its then-present value, capital gain resulting from pre-property-division appreciation in the value of this property is not income but an asset. Therefore, we reverse and hold that the term "capital gains," listed in 15 V.S.A. § 653(5)(A) as a component of gross income, does not include gain resulting from the pre-property-division appreciation in the property.

On March 8, 1990, the parties were divorced, and the judgment included a division of the parties' property according to its then-present value. At that time, defendant received various stocks and real property. He sold some of these assets in August

1990 and paid income taxes on a net capital gain of $105,355 that was realized from the sales. On January 3, 1991, defendant filed a motion to decrease his child support obligation. The magistrate, however, found that defendant's capital gains were gross income under 15 V.S.A. § 653(5)(A)(i) and were to be included in the child support calculations. Consequently, the magistrate increased defendant's child support obligation. The trial court affirmed the child support order.

In a motion to modify child support, the movant must show a "real, substantial and unanticipated change of circumstances," 15 V.S.A. § 660; *Bucholt v. Bucholt*, 152 Vt. 238, 239, 566 A.2d 409, 410 (1989), which includes situations where there would be at least a ten percent change in the amount of support required. 15 V.S.A. § 660(b). Plaintiff claims that defendant's receipt of capital gains in August 1990 increased his gross income for that year and therefore caused a real, substantial and unanticipated change of circumstances in defendant's available income.

■ Gross income is defined as including "income from any source, including, but not limited to, . . . capital gains." 15 V.S.A. § 653(5)(A). The term "capital gains," however, is not defined by the statute. In interpreting a statute, this Court will give effect to the intention of the Legislature. *Paquette v. Paquette*, 146 Vt. 83, 86, 499 A.2d 23, 26 (1985). Where the meaning of a statute is ambiguous, this Court will consider "'the whole and every part of the statute, the subject matter, the effects and consequences, and the reason and spirit of the law.'" *Id.* (quoting *Holbrook Grocery Co. v. Commissioner of Taxes*, 115 Vt. 275, 278–79, 57 A.2d 118, 120 (1948)). Thus, this Court must examine not only the purpose and effect of the child support statutes, but also the statutory scheme governing property distribution upon divorce.

■■ The purpose of Vermont's property settlement statute is to "equitably divide and assign the property." 15 V.S.A. § 751(a). Moreover, the trial court must evaluate the property by determining its fair market value as close to the date of trial as possible. *Albarelli v. Albarelli*, 152 Vt. 46, 48, 564 A.2d 598, 599 (1989). "'[P]otential income taxes do not alter the value of an asset for purposes of determining the value of either marital or non-marital property.'" *Johnson v. Johnson*, 158 Vt. 160, 165,

605 A.2d 857, 859 (1992) (quoting *Rosenberg v. Rosenberg*, 64 Md. App. 487, 523, 497 A.2d 485, 503 (1985)). Although the trial court may consider the potential tax when establishing the amount and method of any monetary award, thereby allocating the burden of payment of the tax, the court does not consider the basis in the property when determining the value of the asset. *Id.* Consequently, the court distributes property that has appreciated in value as an asset worth its present value at the time of the property division.

■  Vermont's child support guideline is "based on the concept that children should receive the same proportion of parental *income* after separation or divorce of their parents as they would receive if their parents were living together in one household." 15 V.S.A. § 654 (emphasis added). The support statutes do not attempt to reach the assets divided in the property settlement, but only the income produced by those assets. Consequently, the term "capital gains," as used in § 653(5)(A), cannot be intended to include all capital gains realized for federal income tax purposes, but only those actually realized following the property division. To rule otherwise would lead to an unreasonable result, where merely the form of the asset divided in the property settlement would make a difference in future income calculations. For example, where one party received $100,000 in cash and the other party received real property having a present value of $100,000 but a tax basis of only $10,000, the latter party would be considered to have realized $90,000 in income during the year in which the property was sold. We will not presume that "the Legislature intended to enact a statute with unjust or unreasonable results." *New England Power Co. v. Town of Barnet*, 134 Vt. 498, 509, 367 A.2d 1363, 1370 (1976).

■  The Vermont child support guidelines were created to further three purposes: (1) "children should receive the same proportion of parental income after separation or divorce of their parents as they would receive if their parents were living together in one household," 15 V.S.A. § 654; (2) child support awards should be standardized to narrow or eliminate judicial discretion; and (3) predictable child support orders will increase efficiency because they will encourage settlement. *Ainsworth v. Ainsworth*, 154 Vt. 103, 106, 574 A.2d 772, 774–75

(1990). These purposes are best served by establishing a stable definition of capital gains within the guidelines. Therefore, under 15 V.S.A. § 653, when considering capital gains from the sale of property awarded in a property division pursuant to divorce, the court shall include in gross income only those capital gains realized from post-property-division appreciation in the property. This provides for recognition of income from appreciation after the property division without rewarding or penalizing a party for changes in asset value that occurred prior to the property division. We conclude that, in determining capital gain under 15 V.S.A. § 653 for the sale of assets divided pursuant to divorce, the basis for the property should be its value as of the date of the property division.

*Reversed and remanded for recalculation of defendant's income consistent with this opinion.*