In re the MARRIAGE OF Robert
J. UPSON, Appellant,

and

Tina Y. Upson, n/k/a Tina Y.
Fontenot, Appellee.

No. 98CA2393.

Colorado Court of Appeals,
Div. I.

Nov. 12, 1999.

Clanahan, Tanner, Downing & Knowlton, Langdon J. Jorgensen, Denver, Colorado, for Appellant.

Michael J. Wadle, Englewood, Colorado, for Appellee.

Opinion by Judge NEY.

Robert J. Upson (husband) appeals from the order modifying child support payable to Tina Y. Upson, n/k/a Tina Y. Fontenot (wife). We reverse and remand with directions.

The parties' marriage was dissolved in August 1997 and they agreed that husband would pay $1150 per month child support under a shared custody arrangement. At that time, husband was paying wife maintenance of $2000 per month plus a percentage of the distributions he received from two businesses. Based upon her impending remarriage, wife filed a motion to modify child support in February 1998.

After a hearing, the magistrate determined that wife was voluntarily unemployed, and imputed monthly income of $2834 to her. The magistrate found that husband's monthly income from his primary employment was $8933 per month. It further found that he received $7146 as a monthly distribution from a "Subchapter S" corporation, at which he worked approximately 10 to 15 hours per week, for a total monthly income of $16,-080.38.

The magistrate calculated child support under the shared custody worksheet B to be $1353.60 per month. However, he determined that the disparity of income between the parties justified a deviation from the presumed amount of support. Accordingly, the magistrate concluded that deviation from the guideline amount of support of $1353.60 per month to $2500 per month was appropriate. On review, the trial court affirmed.

## I.

Husband first asserts that modification was not warranted because wife failed to establish a ten percent change in the amount of support due. We conclude that this threshold issue must be reconsidered on remand.

Under § 14–10–122(1)(b), C.R.S.1999, application of the child support guidelines that results in less than a ten percent change in the amount of support due per month shall not be deemed a substantial and continuing change of circumstance. See In re Marriage of Pugliese, 761 P.2d 277 (Colo.App.1988).

Here, child support was initially established under the shared custody worksheet at $1150 per month. Application of the same worksheet after the modification hearing resulted in a presumed amount of child support in the amount of $1353.60. Thus, the requisite ten percent change was established on its face. However, as set forth below, the parties' income must be reconsidered. The court must then determine whether, using the correct income figures, the ten percent threshold has been met.

## II.

Husband also contends that the magistrate erred in determining wife's income because he did not consider the proceeds that wife received from the sale of the former family home. We agree in part.

Gross income, as defined in § 14–10–115(7)(a)(I)(A), C.R.S.1999, specifically includes income from capital gains. However, the phrase "capital gains" is not defined in the statute.

■ We reject husband's argument that the capital gains to be included in a spouse's income for purposes of calculating child support must include all capital gains realized for federal income tax purposes. *See In re Marriage of Baroni,* 781 P.2d 191 (Colo.App. 1989).

■ Instead, when considering capital gains from the sale of property awarded in a property division pursuant to a dissolution of marriage, the court shall include in gross income only those capital gains realized from post-property-division appreciation in the property. *Mabee v. Mabee,* 159 Vt. 282, 617 A.2d 162 (1992). As stated in *Mabee,* this provides for recognition of income from appreciation after the property division without rewarding or penalizing a party for changes in asset value that occurred prior to the property division.

Here, the magistrate found that the funds wife received from the sale of the former family home did not constitute an asset that was available to generate income for child support because wife intended to purchase another residence. The court ruled that it would consider such funds in the event that wife failed to purchase a residence within the rollover period allowed by the Internal Revenue Service to avoid capital gains. Because the court did not determine the capital gains that wife received from the sale of the former family home or include the gain, if any, as part of her income, it is necessary to remand this matter for reconsideration of wife's income.

If after remand it is established that wife realized capital gains upon sale of the former family home, the trial court should initially include the amount of that gain as a component of wife's gross income for the year in which the gain was received. If the capital gain constitutes an asset after the year in which it is counted as income, the amount of income such asset can reasonably be expected to generate may also thereafter be included as income to wife. *In re Marriage of Zisch,* 967 P.2d 199 (Colo.App.1998).

### III.

Husband also contends that the magistrate made several errors in computing his income.

He argues that the court should not have included income from his secondary employment, but if so, the court failed to deduct business expenses as required by statute and ignored changes in the profitability of the business. We agree in part.

Section 14–10–115(7)(a)(I)(C), C.R.S.1999, provides that "gross income" under the child support guidelines "does not include income from additional jobs that result in the employment of the obligor more than forty hours per week or more than what would otherwise be considered to be full-time employment." Thus, the plain language of the statute prohibits the inclusion of income from husband's secondary employment. *In re Marriage of Marson,* 929 P.2d 51 (Colo.App. 1996).

However, "gross income" for purposes of determining child support under the guidelines also expressly includes "taxable distributions from ... closely held corporations." Section 14–10–115(7)(a)(I)(A), C.R.S.1999.

■ Here, husband received substantial distributions from a subchapter S corporation that was owned wholly by him and two partners, one of whom had left. Thus, such entity was a closely held corporation for purposes of § 14–10–115(7)(a)(I)(A). *See Cohen v. State Department of Revenue,* 197 Colo. 385, 593 P.2d 957 (1979) (many subchapter S corporations are "one person" operations, which are owned entirely by one family that runs the business or are wholly owned by several persons who are active in the business). Accordingly, husband's taxable distributions from the corporation, while not properly considered as extra income under § 14–10–115(7)(a)(I)(C), should have been included as gross income under § 14–10–115(7)(a)(I)(A).

However, § 14–10–115(7)(a)(II)(A), C.R.S. 1999, further provides that for income from a closely held corporation " 'gross income' means gross receipts minus ordinary and necessary expenses required to produce such income." *Cf. In re Marriage of Crowley,* 663 P.2d 267 (Colo.App.1983) (in case decided before adoption of child support guidelines, self-employed insurance broker's ability to

pay support is based upon net income after reasonable and justifiable business expenses).

Here, the magistrate found with record support that husband reported a 1997 distribution from the corporation in the amount of $99,364 before any deduction for expenses. He also found that husband received a distribution in the amount of $28,053.11 in 1998 and that he expects an additional distribution this year. He rejected husband's argument that his average income from the corporation over a seven-year period was only $1998.

We agree that the magistrate was entitled to use the 1997 and 1998 income figures. However, we are unable to determine from the evidence or the findings whether the amount of $7146 that was added to husband's monthly gross income prior to application of the guidelines accurately represented the taxable distributions from the corporation. We also cannot determine whether the magistrate deducted the ordinary and necessary expenses required to produce such income or considered the asserted changes in the profitability of the business. We cannot determine if the ordinary and necessary expenses of the corporation were deducted prior to the distributions to husband. If they were deducted, husband cannot again deduct them his distribution.

Accordingly, it is necessary to remand this matter to the trial court for additional findings and reconsideration of husband's gross income. In considering this issue, the magistrate may, in his discretion, receive and consider additional relevant evidence on this issue. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989).

### IV.

Husband also maintains that the magistrate abused his discretion when he deviated from the presumed amount of support calculated under the guidelines. We agree in part.

Section 14–10–115(3)(a), C.R.S.1999, provides that the court may deviate from the guidelines if their application would be inequitable, unjust, or inappropriate. A "gross disparity in income" between the parties is an express factor upon which the court may justify such deviation. Thus, we reject husband's argument that the disparity in the parties' incomes is already dealt with in the guidelines. *See In re Marriage of Marson, supra.*

■ Husband also has not cited any persuasive authority to support the argument that the disparity in the parties' income must be ignored because it results from wife's loss of maintenance after she decided to remarry. *In re Marriage of Bowles,* 916 P.2d 615 (Colo.App.1995) is distinguishable because that case dealt only with the issue of whether a new spouse's income and assets are relevant to determine if modification of maintenance is warranted. It is undisputed that wife's maintenance here terminated upon her remarriage pursuant to the terms of the parties' separation agreement.

Because the combined gross income of the parties here exceeded the highest combined gross income level set out in the guidelines, there is a rebuttable presumption that the basic child support obligation at the uppermost level of the guideline is the minimum presumptive amount of support. In exercising its discretion, the trial court must consider the relevant factors of § 14–10–115(1), C.R.S.1999. *In re Marriage of LeBlanc,* 800 P.2d 1384 (Colo.App.1990); *see In re Marriage of Van Inwegen,* 757 P.2d 1118 (Colo. App.1988).

■ Further, in attempting to translate, to the extent possible under the evidence, a higher standard of living and additional needs of a child into specific monetary requirements, the court should look at, among other items, the costs of food, shelter, education, and recreation at the level enjoyed before the dissolution, or as near to that level as possible. *In re Marriage of LeBlanc, supra; In re Marriage of Schwaab,* 794 P.2d 1112 (Colo.App.1990).

■ Section 14–10–115(3)(a) requires that the court enter specific findings to specify the reasons for deviation from the presumed amount of support under the guidelines. While a gross disparity in income may explain the initial basis for deviation, additional findings concerning the needs of the children must be entered to establish the amount of

deviation ordered. *See In re Marriage of Bookout*, 833 P.2d 800 (Colo.App.1991)(award of $4000 per month could not stand in the absence of meaningful findings establishing the basis for the award). This determination is necessarily made after consideration of whether the children's needs, as established by the guidelines, are being met directly or indirectly or how they may actually differ in this particular case. *In re Marriage of Miller*, 790 P.2d 890 (Colo.App.1990).

■ Here, the magistrate only generally concluded that the children would have enjoyed a substantially different standard of living had the marriage not been dissolved. There are no findings, however, to explain the basis for the court's upward deviation of $1200 per month child support from the minimum amount of support presumed by application of the guidelines. Absent such specific findings, we are unable to determine whether the award or the level of deviation was equitable, just, and appropriate. *See In re Marriage of Bookout, supra.*

Accordingly, this matter is remanded for additional findings, but the current order of support shall remain in effect pending further order of the court. On remand, the court shall make such adjustments as may be necessary to give the parties credit for amounts that may have been incorrectly paid under the prior order.

### V.

■ Husband next contends that the amount of support ordered under the shared custody arrangement is greater than the amount that would have been otherwise ordered and, therefore, was prohibited by the express language contained in § 14–10–115(14)(b), C.R.S.1999. We disagree.

Section 14–10–115(14)(b) provides that "[i]n no case, however, shall the amount of child support ordered to be paid exceed the amount of child support that would otherwise be ordered to be paid if the parents did not share physical custody." We agree with husband that the plain language of § 14–10–115(14)(b) prohibits the ordering of a higher level of support as a result of application of the shared custody formula.

However, in this case, the higher support order was not the result of application of the guidelines but was the result of a deviation from the presumed minimum amount of support. Thus, § 14–10–115(14)(b) does not prohibit the award here.

### VI.

Husband finally asserts that it was improper for the magistrate to award wife attorney fees. We disagree.

■ The purpose of an award of attorney fees under § 14–10–119, C.R.S.1999, is to apportion the costs of dissolution equitably based on the current financial resources of the parties. *In re Marriage of Zisch, supra.*

Here, the parties stipulated that attorney fees requested by wife in the amount of $1833.20 were reasonable and necessary. Although we conclude that the award of $1800 attorney fees to wife was within the court's discretion based upon the disparity in the parties' incomes, the court may reconsider this issue upon remand, especially if it determines that the disparity in the parties' incomes is not what it originally believed it to be. *See In re Marriage of Bowman–Barry*, 749 P.2d 465 (Colo.App.1987).

The order is reversed and the cause is remanded to the trial court for a reconsideration of the parties' incomes and recalculation of the minimum presumed amount of support. The court shall determine if there is a ten percent change of support as a threshold issue required by § 14–10–122(1)(6) C.R.S. 1999. The court may, within its discretion, reconsider the issue of attorney fees. If the court determines that deviation from the presumed amount of support is appropriate, it is instructed to enter specific findings to support the amount of deviation. The current order of child support, however, shall remain in effect pending further order of the court.

Judge METZGER and Judge VOGT concur.