STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 3-1-18 Vtec |

| | |
|---|---|
| Bridges Zoning Permit Approval | DECISION ON MOTION |

The present appeal is of a zoning permit issued to Robert Bridges (Applicant) by the Town of Plainfield (Town) Zoning Administrator for the construction of a single-family home and associated barn on his property located in Plainfield, Vermont. Inda Loso (Appellant) appealed that decision to the Town Development Review Board (DRB), which denied the appeal and granted the permit. Appellant then appealed that decision to this Court. Before the Court are the parties' cross-motions for summary judgment.

Applicant is represented by Daniel P. Richardson, Esq. Appellant is represented by L. Brooke Dingledine, Esq.

### Legal Standard

Pursuant to V.R.C.P. 56(a), we grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted). When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.

### Factual Findings

We recite the following facts solely for the purposes of deciding the pending motions for summary judgment.

1.     Applicant owns property located at the end of Cerutti Road (the Property). The Property is approximately 44.2 acres.

2.     The Property is located in the Forest & Agricultural District as defined by the Town Zoning Regulations (Regulations) § 4.2.

3.     The Property does not have frontage on a public road.

4.     The Property was created in June 2009 when the Town granted Applicant a subdivision permit.

5.     Section 3.4 of the Regulations is entitled "Required Frontage on or Access to Public Roads" and sets forth dimensional requirements for access roads, including rights-of-way.

6.     Prior the issuance of the subdivision permit, Applicant submitted an application to the Town Planning Commission for approval of a right-of-way as an access to the subdivision. The right-of-way connects the end of Cerruti Road to Applicant's lot and was created in by deed in 1917.

7.     On April 6, 2009, the Planning Commission conducted a hearing and site visit to determine if the right-of-way complied with Regulations § 3.4. At the hearing, the Planning Commission orally approved the right-of-way as in compliance with § 3.4. On April 27, 2009, the Town issued the hearing minutes "To All Attendees of the Right of Way Hearing on April 6, 2009." The minutes set forth the Town's conclusions and the factual basis for these conclusions (the 2009 ROW Decision). The 2009 ROW Decision was not appealed.

8.     Appellant owns property at the end of Cerutti Road. The deeded right-of-way is located on her property.

9.     Appellant participated in the 2009 hearing and objected to the Town's approval of the right-of-way.

10.    On September 14, 2017, Applicant applied for a permit to build a single-family home with a detached barn on the Property. The Zoning Administrator granted the application on September 22, 2017.

11.    Appellant subsequently appealed that decision to the DRB. The DRB affirmed the grant of the permit on December 13, 2017. Appellant then timely appealed that decision to this Court.

**Discussion**

At issue within the cross-motions is Question 2 asking "[w]hether the Application and Project proposed . . . fails to comply with Section 3.4 of the Regulations . . . because the . . . lot has no frontage on a public road and is not benefited by an easement of at least 20 feet in width, and should be denied."

I.      **Whether the 2009 approval is final and binding on the parties.**

Applicant argues that the Town determined that the right-of-way complied with § 3.4 when it approved the right-of-way in the 2009 ROW Decision. As that decision was not appealed, it has since become final and binding on the parties. See 24 V.S.A. § 4472(d). Therefore, Applicant argues that the present appeal is an impermissible collateral attack on the 2009 ROW Decision and, as the final 2009 ROW Decision concluded the right-of-way complies with § 3.4, he is entitled to judgment as a matter of law.

Appellant asserts that the 2009 ROW Decision is not final and binding because the Planning Commission failed to issue a written decision as required by 24 V.S.A. § 4464(b)(3). Further, Appellant argues that she never received a notice of a decision as required by § 4464(b)(3).

A failure to appeal a decision results in all interested parties being bound by that decision. 24 V.S.A. § 4472(d). Decisions must be issued in writing, though meeting minutes may suffice, "provided the factual bases and conclusions relating to the review standards are provided in conformance with [§ 4464(b)]." 24 V.S.A. § 4464(b)(1). Decisions issued "shall also be mailed to every person or body appearing and having been heard at the hearing." 24 V.S.A. § 4464(b)(3).

Appellant participated in the 2009 ROW hearing at which the Planning Commission orally approved the right-of-way. Subsequent to that hearing, the Town issued the hearing minutes "To All Attendees of the Right of Way Hearing on April 6, 2009." The minutes set forth the Town's conclusions and the factual basis for these conclusions. Applicant asserts that he received the minutes in the mail on April 27, 2009. Based upon this Town action, Applicant offers that a final decision was issued following the 2009 ROW hearing.[1]

---

[1] Applicant additionally argues that, even if the Court were to conclude no decision was rendered, the application was deemed approved on 45 days after the adjournment of the hearing if no decision were issued. 24 V.S.A. § 4464(b)(1). We note that the deemed approval remedy does not foreclose an interested persons

3

Appellant asserts in her affidavit in support of her motion for summary judgment that she never received these minutes. With respect to Applicant's motion, we give Appellant the benefit of all reasonable doubts and inferences with respect to this assertion.

The Vermont Supreme Court has recently provided guidance on the effect lack of notice has on the finality of a permit. See In re Mahar Conditional Use Permit, 2018 VT 20; see also In re Mathez Act 250 LU Permit, 2018 VT 55, ¶ 16 (interpreting Mahar in the context of an Act 250 permit). The Court noted in Mahar that the relevant appeal period beings to run when judgment is entered, not when an interested party receives notice of the decision. Mahar, 2018 VT 20, ¶ 13 (citing V.R.C.P. 77(d)(1)). This procedural rule seeks to protect the finality of judgments. Id., ¶ 16 (citations omitted).

Because the applicable procedural rules seek to balance fairness and the finality of judgments, the rules "provide avenues to extend or reopen the appeal period for various reasons, including when individuals do not receive proper notice of the judgement they seek to appeal." Id. Specifically, a party can follow the procedures set forth in V.R.A.P. 4(c), which permits the time for filing a notice of appeal to be reopened if: (1) the motion is filed within ninety days of entry of judgment or seven days of receipt of notice of judgment, whichever is earlier; (2) the court finds that the party entitled to notice did not receive it; and (4) no party would be prejudiced. V.R.A.P. 4(c), applicable here through V.R.E.C.P. 5(a)(2). Such a motion is not before the Court and the present appeal is not of the 2009 ROW Decision.

Because the appeal period for the 2009 ROW Decision began to run when the meeting minutes were distributed the attendees of the hearing and interested parties, and no party appealed that decision to this Court within 30 days of issuance, it has since become final and binding on the parties, including Appellant, pursuant to § 4472.[2] As such, the decision reached therein, that the right-of-way complies with § 3.4, cannot be collaterally attacked. Appellant's present appeal is not of the 2009 ROW Decision. If Appellant has justification for a late appeal of

opportunity to file a timely appeal. Brisson Stone, LLC v. Town of Monkton, 2016 VT 15, ¶ 26, 201 Vt. 286 (citing In re Fish, 150 Vt. 462, 464 (1988); In re Trahan NOV, 2008 VT 90, ¶ 12, 184 Vt. 262).

[2] We note that, to the extent Appellant argues the 2009 approval was issued in error, it remains final and binding decision that must be respected. See In re Ashline, 2003 VT 30, ¶¶ 10-11, 175 Vt. 203; Levy v. Town of St. Albans, 152 Vt. 46, 143 (1989).

that decision, Appellant must avail herself to the process governing a late appeal within that specific matter.

For these reasons, we **DISMISS** this appeal.

**II.**     **Whether Appellant can contest the dimensions of the right-of-way regardless of the 2009 approval.**

Even though our dismissal concludes this matter, we address Appellant's challenge of the width of the right-of-way. Applicant correctly asserts that this is beyond the scope of the Court's jurisdiction.

The Environmental Division has jurisdiction over (1) matters arising under chapters 201 and 220 of Title 10; (2) matters arising under chapter 117 and subchapter 12 of chapter 61 of Title 34; and revocation of permits under chapter 15 of Title 10 (Act 250). 4 V.S.A § 34. All other civil matters must be tried in the Civil Division of the Superior Court. See 4 V.S.A. § 31 (outlining the Civil Division's jurisdiction). We are without jurisdiction to interpret private property rights. See Appeal of Yates & Leetle, No. 158-9-04, slip op. at 3 (Vt. Envtl. Ct. May 4, 2005) (Durkin, J.).

The right-of-way at issue in this appeal was originally deeded in 1917. Appellant asserts the location and size of the deeded right-of-way is ambiguous. By requesting the Court determine whether the right-of-way complies with § 3.4 of the Regulations, Appellant is requesting that the Court determine whether the allegedly ambiguous right-of-way is 20 feet in width. This would be an interpretation of private property rights. Therefore, it is outside the scope of our jurisdiction.

**Conclusion**

For the foregoing reasons, we conclude that the 2009 ROW Decision is a final decision that is binding upon all parties. As such, the decision's conclusion that the right-of-way at issue in the present appeal is in compliance with § 3.4 of the Regulations cannot be collaterally attacked. For these reasons, we **DISMISS** Appellant's appeal. Further, we conclude that a determination of the width of the right-of-way would be an interpretation of private property rights outside the scope of this Court's jurisdiction.

In reaching these conclusions, we **GRANT** Applicant's motion for summary judgement and **DENY** Appellant's motion.

This concludes the matter before the Court. A Judgment Order accompanies this decision.

Electronically signed on August 29, 2018 at 03:21 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division