Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 81**

**No. 18SC287, *In re Marriage of Boettcher*—Family Law—Child Support—Incomes Outside Guidelines Range.**

Colorado's child support guidelines include a schedule, codified at section 14-10-115(7)(b), C.R.S. (2019), that sets specific presumptive payment amounts based on the number of children and the parties' combined monthly income. However, the schedule does not include an award amount for every conceivable family income level. In this case, the supreme court considers how a district court should calculate child support obligations when the parties' combined monthly income exceeds the uppermost income specified in the schedule. The court concludes that the plain language of the child support statute provides that the uppermost award identified explicitly in the schedule is the minimum presumptive award for families with higher incomes. Accordingly, the court holds that the district court may, within its discretion, award more than that amount so long as it supports its order with findings made pursuant to section 14-10-115(2)(b).

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

---

**2019 CO 81**

---

**Supreme Court Case No. 18SC287**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 17CA262

---

**In re the Marriage of**

**Petitioner:**

Ryan E. Boettcher,

and

**Respondent:**

Christina L. Boettcher.

---

**Judgment Affirmed**
*en banc*
September 23, 2019

---

**Attorneys for Petitioner:**
Eckelberry Law Firm, LLC
John L. Eckelberry
      *Denver, Colorado*

**Attorneys for Respondent:**
Aitken Law, LLC
Sharlene J. Aitken
      *Denver, Colorado*

Peek Goldstone, LLC
Amanda M. Peek
*Greeley, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1     Colorado's child support guidelines provide district courts a framework for determining the amount of child support they should award in dissolution of marriage proceedings.  One part of these guidelines is a schedule of child support obligations that sets specific presumptive payment amounts based on the number of children and the parties' combined income.  But that schedule does not include an award amount for every conceivable family income level.

¶2     In this case, we must determine how a district court should calculate child support obligations when the parties' combined income exceeds the uppermost specified combined monthly income of $30,000.  Because we conclude that the plain language of the statute provides that the uppermost award identified explicitly in the schedule is the minimum presumptive award for families with higher incomes, we determine that the district court may, within its discretion, award more than that amount so long as the court supports its order with findings made pursuant to section 14-10-115(2)(b), C.R.S. (2019).  Accordingly, we affirm the judgment of the court of appeals.

## I.  Facts and Procedural History

¶3     At the time of the dissolution of their marriage, Ryan E. Boettcher ("father") and Christina L. Boettcher ("mother") agreed that neither party would pay child support. Several years later, mother, citing a substantial change in father's income, sought a modification of the original decree so that she could receive child

support.  The district court conducted an evidentiary hearing to determine whether modification was appropriate.  At the hearing, the parties admitted evidence of their incomes showing that mother earned $13,343 per month and father earned $92,356 per month—a combined monthly income far exceeding the highest combined income of $30,000 per month listed in the schedule contained in the statutory child support guidelines.  *See* § 14-10-115(7)(b).

¶4    Father requested that the district court impose a monthly child support obligation of $1,424.82, which would be the presumptive award amount if the parties combined income were $30,000 per month.  Father argued that the presumptive amount of child support for that income level was also the presumptive amount for any higher income level.  If the court ordered a higher payment, father argued, such payment would constitute a deviation from the statutory presumptive amount and would require specific findings under section 14-10-115(8)(e).

¶5    Mother disagreed. She contended that the district court should extrapolate father's monthly child support obligations from the uppermost level of the guidelines in light of the parties' actual combined income.  This approach would result in a monthly support payment of $5,024.

¶6    The district court rejected both arguments.  In doing so, it observed that section 14-10-115(7)(a)(II)(E) provides that a court "may use discretion" in setting

4

child support amounts where the parties' combined income is higher than $30,000, "except that the presumptive basic child support obligation shall not be less than it would be" if the combined income were $30,000. That statutory provision, the court explained, was inconsistent with both father's and mother's respective positions because both parties argued for an approach that denied the court the discretion explicitly granted to it by the General Assembly.

¶7 The court proceeded to set a monthly child support award of $3,000. In doing so, the court examined the factors set forth in section 14-10-115(2)(b) for determining the amount of support and made the following findings: (1) the child had no financial resources of his own; (2) the child was entitled to benefit from his father's financial good fortune following the dissolution of his parents' marriage; (3) there was a disparity in the parties' abilities to provide for shared activities and experiences with the child; and (4) the mother's testimony—that she would spend child support payments to improve the child's standard of living and to save for his future college expenses—was credible.

¶8 At the conclusion of the proceedings, the district court awarded mother a portion of her attorney's fees under section 14-10-119, C.R.S. (2019), which permits the district court to apportion costs and fees equitably between parties based on their relative ability to pay. Concluding that there was a disparity between mother's and father's resources and income, the court determined that it was

equitable to award mother 70 percent of her attorney's fees exclusive of her expert witness fees.

¶9 Father appealed the district court's order. A division of the court of appeals upheld the child support award. *See In re Marriage of Boettcher*, 2018 COA 34, ___ P.3d ___. The division determined that the plain language of the statute provides that the award amount listed in the uppermost level of the child support schedule is the *minimum* presumptive amount when the parties' combined income exceeds $30,000 per month. *Id.* at ¶¶ 14, 19. Further, the division concluded that the district court had discretion to award more than the minimum presumptive amount without making the deviation findings that would be required under section 14-10-115(8)(e). *Id.* at ¶¶ 19–29. And the division found that the district court had adequately supported its exercise of discretion in setting the award amount with findings as to the factors set forth in section 14-10-115(2)(b). *Id.* at ¶¶ 19–20.

¶10 The division also upheld the district court's award of attorney's fees. *Id.* at ¶¶ 33–36. However, it rejected mother's request for appellate fees, which she made based on an argument that the appeal was frivolous. *Id.* at ¶ 37. Concluding that a court may only award fees in "clear and unequivocal cases when the appellant presents no rational argument, or the appeal is prosecuted for the

purpose of harassment or delay," and that this was not such a case, the division denied mother's request. *Id.* at ¶ 38.

¶11 Father petitioned this court, and we granted certiorari. [1]

## II. Analysis

¶12 We review a child support order for an abuse of discretion. *In re Balanson*, 25 P.3d 28, 35 (Colo. 2001). However, we review de novo whether the district court applied the correct legal standard as provided in the statute when crafting the order. *People v. Martinez*, 70 P.3d 474, 476 (Colo. 2003). When construing a statute, we give effect to the intent of the General Assembly by first looking to the plain language of the statute. *In re Marriage of Chalat*, 112 P.3d 47, 54 (Colo. 2005). We read the statute as a whole, giving consistent, harmonious, and sensible effect to all of its parts. *In re Marriage of Ikeler*, 161 P.3d 663, 666–67 (Colo. 2007). If the statute is clear and unambiguous, our inquiry ends, and we apply the statute as written. *Chalat*, 112 P.3d at 54.

---

[1] We granted certiorari to review the following issue:

> Whether section 14-10-115, C.R.S. (2018), provides for the Colorado Child Support Guidelines to be the rebuttable presumption in all cases, including those where incomes exceed the uppermost threshold, which must be overcome by evidence that a deviation from the guideline amount is necessary to meet the needs of the children.

¶13 Colorado's child support guidelines were enacted in 1986 to (1) establish an adequate amount of support for children subject to the parents' relative ability to pay, (2) make awards more equitable by ensuring consistent treatment of parents in similar circumstances, and (3) improve the efficiency of the judicial process by giving guidance in establishing levels of support and promoting settlements between parties. *See* § 14-10-115(1)(a)(I)–(III). To meet these goals, the guidelines include a ten-page "[s]chedule of basic child support obligations" with explicit award amounts for families with one to six children and combined monthly incomes of $1,100 to $30,000. § 14-10-115(7)(b).

¶14 There is a rebuttable presumption that a child support award should be ordered in the amount outlined in the schedule. *See* § 14-10-115(8)(e). A court may deviate from the schedule if it determines that the presumptive amount would be "inequitable, unjust, or inappropriate." *Id.* When it does so, the court must make written or oral findings identifying the presumptive amount and its reasons for deviating. *Id.* Regardless of whether the court deviates from the schedule or awards the presumptive amount, the court must consider "all relevant factors" in determining the amount of support. § 14-10-115(2)(b). These factors include, but are not limited to:

- the financial resources of the child;
- the financial resources of the custodial parent;

- the standard of living the child would have enjoyed had the marriage not been dissolved;

- the physical and emotional condition of the child and his or her educational needs; and

- the financial resources and needs of the noncustodial parent.

§ 14-10-115(2)(b)(I)–(V).

¶15 The schedule contained in the guidelines does not include an exhaustive list of all possible combined gross monthly incomes and their corresponding support obligations. It only provides specific presumptive child support award amounts for combined monthly incomes between $1,100 and $30,000. *See* § 14-10-115(7)(b). For combined incomes below $1,100, the child support guidelines provide a formula courts must apply in determining support awards. *See* § 14-10-115(7)(a)(II)(B)–(D). And when the parties' combined income exceeds $30,000, section 14-10-115(7)(a)(II)(E) permits the district court to "use *discretion* to determine child support . . . except that the presumptive basic child support obligation *shall not be less* than it would be based on the highest level of adjusted gross income set forth in the schedule of basic child support obligations." (Emphases added.)

¶16 Father argues that the language in section 14-10-115(7)(a)(II)(E) creates a presumptive child support award for all incomes over $30,000 a month, such that, here, the district court's award above that presumptive amount constitutes a

deviation from the schedule rather than a statutorily authorized exercise of discretion. Pointing to the highest amount provided in the schedule for one child ($2,535), he argues that the district court could only award a higher level of support on a showing that this presumptive amount was "inequitable, unjust, or inappropriate." § 14-10-115(8)(e). This argument misconstrues the plain language of the statute.

¶17 Section 14-10-115(7)(a)(II)(E) expressly provides that the district court has discretion to determine the appropriate child support amount when the parties' combined adjusted gross income exceeds the uppermost level of the schedule, "except that the presumptive basic child support obligation shall not be less than it would be based on the highest level of adjusted gross income set forth in the schedule of basic child support obligations." This language is clear that, while an award lower than that provided in the schedule would be a deviation from the presumptive award and would require findings as provided in section 14-10-115(8)(e), a higher amount may be awarded within the district court's discretion. To the extent that previous decisions of the court of appeals are inconsistent with this interpretation of the statute, we disapprove of them.[2]

---

[2] Some earlier decisions of the court of appeals have erroneously required deviation findings for awards higher than the highest threshold specified in the

¶18     Of course, a district court's exercise of discretion in setting an award must always be supported by a showing that the court considered the factors outlined in section 14-10-115(2)(b). Here, the district court appropriately exercised its discretion in light of the relevant statutory factors.[3] Considering those factors, the court found that (1) the child had no financial resources of his own; (2) while the standard of living during the time of marriage was relevant, it was not dispositive; (3) the child should benefit from the father's financial success; and (4) there was a disparity in the parties' abilities to provide for shared activities and experiences with the child. Because these findings are supported by the record, we will not

child support schedule under circumstances similar to those presented here. *See, e.g., In re Marriage of Upson,* 991 P.2d 341, 344–45 (Colo. App. 1999).

[3] On appeal, mother contended that the district court should have simply extrapolated upward from the highest level, which would have resulted in a monthly child support obligation of $5,024.52 for father. *Boettcher,* ¶ 21. We agree with several divisions of the court of appeals that have rejected this method. *See In re Marriage of Ludwig,* 122 P.3d 1056, 1059–60 (Colo. App. 2005) (holding that mechanical extrapolation was inappropriate because the court made no findings establishing the children's specific needs); *In re Marriage of Van Inwegen,* 757 P.2d 1118, 1120 (Colo. App. 1988) (concluding that it was not the General Assembly's intent to permit automatic extrapolation from the guideline schedule when combined gross incomes exceed the uppermost level of the schedule). Mechanically extrapolating from the highest amount of the child support guidelines is not an appropriate exercise of discretion because it negates the district court's responsibility to consider the factors provided in section 14-10-115(2)(b) when making the award.

11

disturb them. *Balanson*, 25 P.3d at 35 (noting that appellate courts defer to the trial court's findings of fact unless they do not find support in the record).

### III. Attorney's Fees

¶19 Mother requests that we award attorney's fees for her costs incurred during this appeal as well as any fees that she may incur on remand. Citing section 14-10-119, she argues that because there was a significant disparity in income and financial resources between the parties at the time of the hearing to modify child support, we should require father to pay her attorney's fees. *See* § 14-10-119 (permitting the court to order one party to pay a reasonable amount of attorney's fees to the other after considering the financial resources of both parties); *see also Ikeler*, 161 P.3d at 668–69 (explaining that the General Assembly provided courts the ability to award attorney's fees so as to "equalize the parties and ensure neither party suffers undue economic hardship because of the dissolution of marriage"). We remand with instructions to return the case to the district court to determine the appropriateness of the attorney's fee award requested. *See* C.A.R. 39.1; *Ikeler*, 161 P.3d at 671.

### IV. Conclusion

¶20 We conclude that the plain language of the child support guidelines provides that the uppermost award amount provided in the guidelines is the minimum presumptive amount for combined monthly incomes exceeding

12

$30,000.  Because the district court may, within its discretion, award more than the minimum presumptive amount so long as it considers the factors provided in section 14-10-115(2)(b), we affirm the judgment of the court of appeals.  We remand with instructions to return the case to the district court to resolve mother's request for attorney's fees.