24CA0557 Marriage of Flowers 02-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0557
Archuleta County District Court No. 22DR33
Honorable Leslie J. Gerbracht, Judge

---

In re the Marriage of

Pamela S. Flowers,

Appellant,

and

Erin Kathleen Frazee,

Appellee.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SCHOCK
Freyre and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

---

Willoughby & Associates, Kimberly R. Willoughby, Olivia B. Heffner, Golden, Colorado, for Appellant

Anne Whalen Gill, L.L.C., Anne Whalen Gill, Castle Rock, Colorado, for Appellee

¶ 1    In this dissolution of marriage case between Pamela S. Flowers and Erin Kathleen Frazee, Flowers appeals the portion of the district court's permanent orders concerning the division of property. We reverse and remand the case for further proceedings.

## I.    Background

¶ 2    The district court dissolved the parties' two-year marriage and entered permanent orders dividing the marital property.

¶ 3    The primary assets of the marital estate were five properties that the parties had acquired during or shortly before the marriage, all of which the district court found to be marital property. The district court valued and allocated those properties as follows:

(1)    <u>Regal Pines</u>:  The court found the value of this home was $922,500, with an outstanding mortgage of $516,731, for a net equity value of $405,769. After finding that Frazee had contributed $85,000 of her separate property to the purchase price, the court allocated half of the net equity to each party and an additional $85,000 to Frazee, for a total allocation of $202,884 to Flowers and $287,884 to Frazee. The court awarded the home to Flowers.

(2)   Darcie Place: The court found the value of this property was $70,000, with an outstanding mortgage of $30,761, for a net equity value of $39,239. After finding that Frazee had contributed $6,500 of her separate property to site preparation, the court allocated half of the net equity to each party and an additional $6,500 to Frazee for a total allocation of $19,619 to Flowers and $26,119 to Frazee. The court awarded the property to Flowers.

(3)   Prospect Boulevard: The court found the combined value of these two lots was $30,000. It allocated $15,000 to each party and awarded the properties to Flowers.

(4)   Apache Drive: The court found the net equity in this home was $478,782 based on a value of $800,000 and an outstanding mortgage of $321,218. It allocated $198,522 of the equity to Flowers and $280,260 to Frazee based on the parties' respective contributions to the purchase price, and it awarded the home to Frazee.

(5)   Blossom Road: The court found the value of this home was $400,000 and that there was no mortgage. It allocated $179,216 of the value to Flowers based on her

2

contribution to the purchase price and the remainder to Frazee. The court awarded the home to Frazee.

¶ 4    The following table summarizes the district court's findings as to the equity value, allocation of value, and award of each property:

| Property | Equity Value | Allocated to Flowers | Allocated to Frazee | Total Value Allocated | Party Awarded Property |
|---|---|---|---|---|---|
| Regal Pines | $405,769 | $202,884 | $287,884 | $490,768 | Flowers |
| Darcie Place | $39,239 | $19,619 | $26,119 | $45,738 | Flowers |
| Prospect Boulevard | $30,000 | $15,000 | $15,000 | $30,000 | Flowers |
| Apache Drive | $478,782 | $198,522 | $280,260 | $478,782 | Frazee |
| Blossom Road | $400,000 | $179,216 | $220,784 | $400,000 | Frazee |

¶ 5    Based on the property equity allocated to each party, the district court found that Flowers was allocated total assets of $615,151 and Frazee was allocated total assets of $830,047.[1] It also credited Flowers with $114,000 she had spent during the litigation on the parties' mortgage, real property fees, and health insurance for herself, Frazee, and Frazee's son, and it "award[ed]

---

[1] The court also divided the rest of the marital property, including personal property, vehicles, bank accounts, life insurance policies, retirement and investment accounts, and debt. But it did not take this property into account in its calculation of the total allocation.

that back to [Flowers] in financial assets." The court then ordered Flowers to pay Frazee $100,896 — the difference between the amount allocated to Frazee and the amount allocated to Flowers.

¶ 6 The court ordered the parties to transfer all titles and deeds to the appropriate party within 120 days of the order. It did not allocate responsibility for the mortgages on the property, other than to say that Frazee "is to immediately take over the mortgage payment and all bills associated with the [Apache Drive] property."

¶ 7 Flowers moved for reconsideration. She argued that the district court made various errors in allocating the marital property — including those errors she asserts on appeal — and that the property division was not equitable because it resulted in Flowers receiving 28% of the marital estate and Frazee receiving 72%. The district court denied the motion, explaining that "[Flowers] basically is requesting the court to redo the entire order. The court spent many hours with this order and finds it to be just and equitable."

## II. Analysis

¶ 8 Flowers contends that the district court erred by (1) allocating equity in Regal Pines and Darcie Place that exceeded the value of the parties' actual equity in those properties; (2) failing to allocate

4

the mortgages on the properties to one party or the other; (3) failing to issue an order releasing Flowers from the mortgage on Apache Drive, which was awarded to Frazee; and (4) failing to allocate shares in a company that are associated with Regal Pines.

¶ 9　　We agree that the district court reversibly erred by allocating property to the parties in excess of what the court found that property was worth, and we remand for the district court to reconsider its property division in light of this opinion.  We also direct the district court to address the other issues on remand.

### A.　　Standard of Review and Applicable Law

¶ 10　　The district court has great latitude to equitably divide the marital property in such proportions as it deems just based on the facts and circumstances of the case.  *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 28; *see also* § 14-10-113(1), C.R.S. 2024.  We will not disturb the district court's property division absent an abuse of discretion.  *LaFleur v. Pyfer*, 2021 CO 3, ¶ 61.  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when the court misapplies the law.  *Medeiros*, ¶ 28.

¶ 11　　Errors by the district court in dividing property are reversible "when the aggregate effect of such errors affects the substantial

rights of the parties." *In re Marriage of Balanson*, 25 P.3d 28, 36 (Colo. 2001). Thus, if an error affects only a small percentage of the overall marital estate, the error may be deemed harmless. *Id.* But if the errors affect a large percentage of the marital estate, we must remand the case to the district court to correct the errors. *Id.*

## B. Allocation of Equity

¶ 12 We agree with Flowers that the district court abused its discretion by allocating to the parties more equity in Regal Pines and Darcie Place than it found that equity was worth. The court found the parties' total net equity in Regal Pines and Darcie Place was $405,769 and $39,239, respectively. But it allocated equity in those properties of $490,768 and $45,738 — a combined $91,498 more than the properties were worth. This discrepancy is not simply a matter of mathematical imprecision. *See In re Marriage of Gallo*, 752 P.2d 47, 55 (Colo. 1988) (noting that an equitable distribution does not require "mathematical precision"). Rather, its effect was to allocate assets to the parties that did not exist.

¶ 13 We recognize what the district court was trying to do. Having found that Frazee had contributed her separate property to the purchase of Regal Pines and site preparation for Darcie Place, the

court was attempting to credit Frazee for those contributions. And it was within the court's discretion to do so. *See* § 14-10-113(1)(a) (requiring court to consider "[t]he contribution of each spouse to the acquisition of the marital property"); *In re Marriage of Collins*, 2023 COA 116M, ¶¶ 21-23 (holding that it was within district court's discretion to weigh party's contribution). But while the court may consider each spouse's contribution in dividing the marital property, it cannot "divide" assets that the parties do not have.

¶ 14 Frazee does not seriously dispute that the district erred by allocating to the parties more assets than were in the marital estate. But she contends that the error is harmless because the total allocated equity in all five properties ($1,445,228) only exceeded the actual equity ($1,353,790) by 6.7%.[2] We disagree for three reasons.

¶ 15 First, we are not persuaded under the facts of this case that 6.7% is a "small percentage of the overall marital estate." *Balanson*, 25 P.3d at 36. Although there is not a bright line between a "small"

---

[2] Frazee says this percentage is 6.3%, using the *allocated* equity as the value of the marital estate. But the value of the marital estate is the *actual* equity. There were other assets in the marital estate, but most were not valued in the permanent orders, and Frazee does not argue that they add to the total value of the marital estate.

and a "large" percentage, the error in this case was more than three times as large, proportionally, as the 2% error that *Balanson* suggested might have been harmless in isolation. *See id.* at 38.

¶ 16     Second, under the district court's methodology, the effect of the additional allocation of equity to Frazee was to require Flowers to pay Frazee an additional $91,498 — nearly twenty percent of the real property assets she was awarded. The court calculated that payment by subtracting the amount allocated to Flowers (plus the credit for her payments during the litigation) from the amount allocated to Frazee. If Frazee had been allocated $91,498 less, Flowers's payment would have been reduced by the same amount. It may be that a proper allocation of the actual assets would have reduced the allocation to *both* Flowers and Frazee, thus keeping the difference the same, but because the court did not allocate the actual value of the assets, we cannot make that determination.

¶ 17     Third, and perhaps most significantly, the district court's error appears to be reflective of a larger problem with its methodology that seems to have produced a result the court did not intend. For each property, the court awarded the property to one party in full but divided the equity in the property between the parties. As a

8

result, the party who was awarded the property (and thus, the full equity in the property) *also* received a credit for a portion of the equity. Then, in calculating the value of the assets awarded to each party and determining the final payment, the court did not take into account the properties it had already awarded to each party.

¶ 18 The effect of this methodology — which stems in part from awarding value that exceeds the actual value of the assets — is that, while the court said it was awarding Flowers $729,151 ($615,151 in property equity plus the $114,000 credit) and Frazee $830,047, it in fact awarded Flowers $329,112 (the combined value of Regal Pines, Darcie Place, and Prospect Boulevard, minus the payment to Frazee) and Frazee $979,678 (the combined value of Apache Drive and Blossom Road plus the payment from Flowers).

¶ 19 Thus, we conclude that the district court's error in allocating more value in Regal Pines and Darcie Place than it found those properties were worth affected the parties' substantial rights. *Balanson*, 25 P.3d at 36. We therefore reverse the portion of the judgment allocating the equity in these properties. Because that allocation may affect the overall division of the marital estate, we

remand the entire property division for reconsideration. *See In re Marriage of Zander*, 2019 COA 149, ¶ 30, *aff'd*, 2021 CO 12.

### C. Other Issues

¶ 20 In reconsidering its property division, the district court will have an opportunity to more directly address the other issues that Flowers raises on appeal, including the division of the mortgages, the release of the parties from mortgages allocated to the other, and the allocation of the shares associated with Regal Pines. Because those issues are likely to arise on remand, we will briefly address them. *See In re Marriage of Capparelli*, 2024 COA 103M, ¶ 29.

¶ 21 The district court's property division must account for all the parties' marital assets and debt. § 14-10-113(1); *see also In re Marriage of Jorgenson*, 143 P.3d 1169, 1172 (Colo. App. 2006) ("Once property [or debt] has been deemed to be marital, the court must value it."). Thus, "[i]f property is omitted from permanent orders without explanation, the property division cannot stand." *In re Marriage of Rodrick*, 176 P.3d 806, 815 (Colo. App. 2007). In dividing the marital property, the court should aim to disentangle the parties financially and provide closure. *See In re Marriage of Hunt*, 909 P.2d 525, 540 (Colo. 1995). A property division therefore

10

generally should not entail continued joint ownership or liability. *See In re Marriage of Paul*, 821 P.2d 925, 927 (Colo. App. 1991).

¶ 22    The district court in this case found that three of the parties' properties — Regal Pines, Darcie Place, and Apache Drive — were encumbered by mortgages.  But it did not expressly allocate the liability for those mortgages, with the exception of its order that Frazee was to "immediately take over the mortgage payment" for Apache Drive.  Nor did the court provide any mechanism for the parties to be released from mortgages allocated to the other party.

¶ 23    Frazee argues that it was implicit in the permanent orders that liability for a mortgage is allocated to the party who received the property and that the transfer of the deeds requires a refinance or payoff of the existing loan.  And that may be true (though the order does not say what happens if the mortgage is *not* refinanced or paid off).  *See In re Marriage of Nelson*, 2012 COA 205, ¶ 41 (recognizing that a court's finding may be implicit).  But the better practice is for the court to address these issues expressly.  Thus, because we are remanding for the district court to reconsider its property division,

it should also address (1) the allocation of the mortgages and (2) the mechanism for disentangling the parties from joint liability.[3]

¶ 24    The same is true of Flowers's argument that the district court erred by failing to allocate shares of the Alpine Lakes Ditch and Reservoir Company. Flowers testified to these shares and asserted in her proposed permanent orders and closing brief that the shares were titled in both parties' names. But the court did not expressly award these shares to either party. Again, Frazee asserts that it was implied that the shares were associated with Regal Pines and were allocated to Flores. On remand, the court should make its allocation of those shares explicit. *See Paul*, 821 P.2d at 927 (disapproving of continued "common ownership of a marital asset").

## III.   Attorney Fees and Costs

¶ 25    Flowers requests in her reply brief that she be awarded her appellate attorney fees and costs under C.A.R. 39.1, section 14-10-119, C.R.S. 2024, and section 13-17-102, C.R.S. 2024. Because she did not include this request in her principal brief, we decline to

---

[3] Frazee correctly points out that the district court cannot order a bank to release a mortgagor from the mortgage. But the court can issue an order saying what happens if the parties cannot do so.

consider it. C.A.R. 39.1. To the extent Flowers bases her request solely on arguments in Frazee's answer brief, such that she could not have made the request sooner, we deny it. We do not agree that Frazee's answer brief was so frivolous or lacking in substantial justification as to warrant an award of fees. *See* § 13-17-102(4); *In re Marriage of Boettcher*, 2018 COA 34, ¶ 38 ("Fees should be awarded only in clear and unequivocal cases when the appellant presents no rational argument, or the appeal is prosecuted for the purpose of harassment or delay."), *aff'd*, 2019 CO 81.

¶ 26    Frazee also requests an award of her appellate attorney fees under section 14-10-119. Because the district court is better equipped to address the factual issues associated with this request, we direct the district court to address this request on remand. *See Collins*, ¶ 86. We deny Frazee's requests for sanctions under C.R.C.P. 11 and C.A.R. 38.

## IV. Disposition

¶ 27    The portion of the permanent orders concerning the division of property is reversed, and the case is remanded for further proceedings consistent with this opinion and for the district court to address Frazee's request for appellate attorney fees.

JUDGE FREYRE and JUDGE SULLIVAN concur.